BENJAMIN F. BUCK, Appellant, *v.* GEORGE REMSEN, Sheriff, Respondent.

Where a sheriff levied upon certain articles, on an execution against B., as his property, and an action of replevin is brought by A., who claimed to be the owner, against the sheriff, and where the property has been delivered to A., in the action, the recovery of the sheriff, upon a verdict in his favor, is not limited to the amount of the execution on which the levy was made, but should be for the value of the property.

To make an exception to the judge's charge effectual, it must be distinct and explicit, or the judge must be requested to charge to the effect desired by the party excepting.

An objection that the verdict was against the evidence, cannot be raised in this court, when it was not presented at the Circuit or to the General Term, and where the evidence was discussed before the jury and passed upon by them. In the present case, held that there was sufficient evidence on which to base the verdict of the jury.

An objection that the judgment is erroneous in form, cannot be raised in this court. It is a question of practice, which is the proper subject of an application to the Special Term; as that a judgment in replevin erroneously directed the payment of money, in addition to awarding a return of the property.

HUNT, J. The defendant, as sheriff of Kings county, and by virtue of an execution against the property of John H. Boynton, levied on the property in question in this suit. The plaintiff claimed to be the owner of the property, by virtue of a bill of sale executed to him by Boynton nearly a year before the issuing of the execution. The question of the *bona fides* of the title was submitted to the jury, and was found against the plaintiff. No exceptions were taken to the admission or exclusion of evidence, and but two exceptions to the charge.

The plaintiff's counsel asked the court to charge the jury, that, if they found for the defendant they should bring in a verdict only for the amount of the execution in favor of Boynton on which he took the property, with expenses. The court was right in declining to make this charge. (*Ingersoll* v. *Van Bokkelin*, 7 Cow., 670; *White* v. *Webb*, 15 Conn., 502; *Faulkner* v. *Brown*, 13 Wend., 63; *Jarvis* v. *Rogers*, 15 Mass., 389; *Green* v. *Clark*, 2 Kern., 243; *Lyle*

v. *Barker*, 5 Binn., 457; Sedg. on Damages, 506.) This point does not appear to be insisted upon in the points now presented to the court.

The plaintiff's counsel also excepted to that part of the charge "which left it to the jury to say whether evidence of sufficient reason to justify leaving the property in possession of Boynton's family had been given," because it did not submit to the jury the question of good faith, and the intent of the sale, but only whether there was a sufficient reason given for the retention of possession by the vendor. The answer of the court below is very satisfactory—"that the exception is not sufficiently distinct. The court was not requested to charge that the issue between the parties was, whether the sale was made in good faith; nor was the judge's attention called to this point. The exception would seem rather to imply that the question of the effect of retaining possession ought not, in any aspect, to have been left to the jury. Again, the proposition in question was not the whole of the instruction given to the jury on the question of a change of possession, or of the good faith of the transaction. The question of good faith was fairly and distinctly left to the jury, and the proposition excepted to was a part of the judge's comments upon the evidence which was given on that question."

The plaintiff objects, also, that the verdict was against the evidence; that the plaintiff established his title under the bill of sale; and that the defendant gave no evidence to impeach it.

This point is now presented for the first time. The case shows that, when the evidence was closed, the plaintiff's counsel addressed the jury upon the merits of the question of ownership, and asked various instructions from the court in relation to it. The point does not appear to have been presented to the General Term upon the argument, and it is too late now to insist upon it. In my opinion it could not have been sustained if it had been presented in time. The purchase of the property for $300, which was admitted on the trial to have been fairly worth $1,000, and the leaving the

same for more than a year in the possession of the vendor, to be used by him and his family as their own, and the use of the same in the accustomed manner, without a sufficient reason or explanation therefor, and without compensation or an agreement for compensation, and the insertion of a larger amount as the consideration than was actually paid, and the fact of Boynton's indebtedness in at least $3,000, as stated by him at the time, were evidence of fraud, for the consideration of the jury. The question of fraud and good faith was fairly submitted by the judge.

The plaintiff also objects that the form of the judgment is not according to the statute, and that it erroneously directed the payment of the money, in addition to awarding a return of the property. The correction of this error, if it be one, is a proper subject of application to a special term. It is a question of form and practice merely, which probably could not be brought to this court for review under any circumstances. Certainly it cannot be presented here as an original question, and a reversal of a judgment on the merits granted on account of it.

Judgment affirmed.