AMASA O. MILLER, Appellant, *v.* JAMES R. ADAMS, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1872.)

An order under § 294, Code, requiring one having property of or indebted to a judgment debtor to appear and answer, etc., is within the jurisdiction of the judge of the county to which execution has issued on the judgment.

An order obtained, on incompetent evidence of jurisdictional facts, from a court of record, or officer acting judicially in determining the question of jurisdiction, is, in the absence of bad faith, protection to the party instituting the proceedings therefor.

Six propositions, embracing rules of liability of parties in such cases, stated (per MULLIN, P. J.).

If the county judge issues an attachment for disobedience to his order under § 294, it is presumed to have been issued on proper proof of the fact.

And in an action of false imprisonment upon arrest under such an attachment, where the county judge testified that he could not remember the nature of the proof but thought proper proof had been made,—*Held*, that the *onus* remained with the plaintiff to prove the negative.

Reversal by the General Term of an order denying a motion in the County Court to set aside proceedings does not without an order to that effect set them aside.

THIS was a motion to the General Term upon a case and exceptions ordered to be heard there in the first instance. The facts as they appeared were as follows:

The defendant recovered a judgment against Joseph S. Thompson, before a justice of the peace of Wayne county, a transcript of which was duly filed in the clerk's office of that county, and an execution duly issued and returned wholly unsatisfied.

The attorney for the plaintiff in the judgment, made affidavit of these facts, and that "*he had been informed and believed that Amasa O. Miller (the plaintiff) and Charles P. Moody, each, has property of said Thompson and are indebted to him in an amount exceeding ten dollars.*"

This affidavit was presented to the county judge and an order made by him requiring Miller and Moody to appear before him, at a time and place specified, to be examined con-

Miller *v.* Adams.

cerning the property alleged to be held by them, and the indebtedness due to the judgment debtor; the affidavit and order were personally served on Miller and Moody, and an affidavit of the service delivered to the judge.

The plaintiff did not appear in obedience to the order, and thereupon, and without, as plaintiff alleged, any proof by affidavit of failure to appear, the county judge issued an attachment against him (plaintiff) for contempt, upon which he was arrested and taken before the judge and bailed.

When brought before the county judge, the plaintiff objected to the proceedings on three grounds:

1. That the party did not produce any proof, by affidavit or otherwise, that the parties, attached, were in default.

2. Copies of the affidavit, and other papers, were not served on defendant.

3. The county judge did not prescribe the penalty, in which defendant should be held to bail.

The plaintiff conceded he did not attend before the judge on the day specified for his appearance.

The county judge was examined as a witness on the trial of this case and testified that he had no distinct recollection whether an affidavit of plaintiff's non-appearance was or was not indorsed on the order requiring him to appear. He also testified that there must have been some proof before him that plaintiff did not appear, but had no recollection of any such proof.

Subsequent to the foregoing proceedings a motion was made on the part of the defendant in the execution to set aside the order made by the county judge in the supplementary proceedings, which was denied.

On appeal to the General Term of the Supreme Court, the order was reversed, with costs.

The plaintiff brought this action to recover damages sustained by the alleged false imprisonment on the attachment.

The plaintiff was nonsuited, and he moved for a new trial, on exceptions which were ordered to be heard in the first instance at the General Term.

Miller *v.* Adams.

*M. Hopkins*, for the appellant.

*Chas. McLouth*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J.  The plaintiff bases his motion for a new trial upon two grounds, viz.:

1st.  Because of the absence of proof before the county judge that plaintiff was indebted to Thompson, the judgment debtor, in any sum; and

2d.  Because it was not proved before the county judge that the plaintiff did not appear in obedience to the order requiring him to appear.

The plaintiff's counsel insists that the statement as to plaintiff's indebtedness being on information and belief, it was no legal proof of such indebtedness, and without it the judge had no jurisdiction to make the order requiring the plaintiff to appear, and the whole proceeding was void.

Section 292 of the Code gives county judges jurisdiction to entertain proceedings supplementary to execution.  They have, therefore, jurisdiction of the subject-matter.

These supplementary proceedings are in the action, so that, upon presentation of an affidavit showing the recovery of the judgment and the issuing of an execution, the officer may require the attendance of the debtor to be examined concerning his property, to the end that it may be levied on and sold to satisfy the judgment; and upon showing that the execution is returned wholly unsatisfied, he may require the debtor's attendance to be examined in order to ascertain whether he has any property, whether subject to be taken on execution or not, out of which to satisfy such judgment.  And on proof that some person named has property of the judgment debtor, or is indebted to him, he may be required to appear and answer in relation thereto.  These facts are to be proved to enable the judge to obtain jurisdiction of the person of the defendant in the judgment or his debtor.

There can be no doubt but that the county judge has juris-
diction to make an order requiring the judgment debtor to
appear. To authorize him to make an order that the debtor
of the judgment debtor appear, there must have been proof
before him that he had property of or was indebted to the
judgment debtor. Such proof was made, but it was upon
information and belief, and hence it is claimed the county
judge did not acquire jurisdiction.

It has been held that when a fact is to be proved in order
to enable the court or officer to entertain a proceeding not in
the progress of an action, such fact must be established by
competent legal evidence, and that information and belief is
not such evidence, and if received the proceedings will be set
aside. (*Ex parte Haynes*, 18 Wend., 611; *Cadwell* v. *Col-
gate*, 7 Barb., 253; *Matter of Bliss*, 7 Hill, 187.) But it
does not follow that the officer before whom the proceed-
ings were instituted, or the party by whom or for whose
benefit they were instituted, is liable for false imprisonment
for the arrest of the person, or for trespass for unlawfully tak-
ing property of the party proceeded against. In *Harman*
v. *Brotherson* (1 Den., 537) the recorder of Schenectady
was sued for false imprisonment for making an order to hold
the plaintiff to bail on a *capias*, upon an affidavit of the
plaintiff, in which he stated from information and belief that
the defendant in that action had been guilty of carelessness
and negligence in the care of a horse, for the loss of which,
through the defendant's negligence, the action was brought.
It was insisted that the proof was wholly insufficient to
establish a cause of action so as to justify making the order
of arrest. The plaintiff had a verdict in the Common Pleas
of Schenectady, and the defendant brought error to the
Supreme Court. The judgment was reversed.

BRONSON, Ch. J., referring to the defect of proof in the affi-
davit, says: If Brotherson (the defendant in the *capias*) had
moved the court, the order to hold to bail would have been
revoked. But it is a very different question whether the
officer who made the order can be treated as a trespasser. It

Miller v. Adams.

was a case when upon proper proof an order to hold to bail
might be made. A *capias* and affidavit were laid before the
officer, the affidavit making out a fair case for the exercise of
his judgment. He had jurisdiction of the matter and acted
judicially in making the order, and it is entirely clear that he
cannot be made answerable as a trespasser for an error in
judgment.

If the affidavit was sufficient to protect the judge in that
case, it must have been sufficient to protect the party who
procured it. The former is exempt from liability because the
law makes it his duty to determine whether a case is made
which authorizes him to act; and he is not liable for an error
of judgment. Now, the party is compelled to submit his
proofs to the judge, and is bound by his decision. Upon
what principle, then, can he be held liable for the error of judg-
ment, while the one who commits it is exempt from liability
for it? In *Von Latham* v. *Libby* (38 Barb., 339) the party
who instituted criminal proceedings before a magistrate for an
act which was not criminal was held not liable. The decision
of the magistrate, that the proof showed that a criminal
offence had been committed, was a protection to him; and it
would seem to have been the opinion of the learned judge
that the party was exempt from liability in cases in which
the officer himself might be liable.

Several English cases are referred to, in which the non-
liability of the party commencing proceedings before a magis-
trate is declared in the strongest terms, because they had
submitted what they were advised was evidence sufficient to
confer jurisdiction on the officers to whom the application
was made, and he had held it sufficient.

It is doubtless true, or was said in the case of *Von Latham*
v. *Libby*, that there may be such a defect in the proof pre-
sented to the officer, and on which he acts, as to show bad
faith; and in such case he may be liable.

But swearing to a fact on information and belief cannot be
held evidence of bad faith; as scarcely one layman in a
thousand is aware that it is not competent, legal evidence.

Miller *v.* Adams.

(See opinion written by me in *Hall* v. *Munger* in this General Term, argued at May term, 1871, in which the cases on the question now under consideration are collected and reviewed.[*])

It seems to me the following propositions may be considered established in this State, viz.:

1st. That a judge of a court of record is not civilly liable for any error of judgment he may commit, although it may be intentional.

2d. A court or officer of inferior jurisdiction is liable to the party injured when he or it acts without having jurisdiction of the subject-matter, and of the person of the party proceeded against, unless the question whether jurisdiction is acquired is a judicial one, to be determined by such court or officer; in which case the decision is a protection to him or it and to the party.

3d. When the evidence presented to the court or officer has a tendency to prove the facts required to be proved to confer jurisdiction, the decision protects the court or officer, and also the party.

4th. When a party or his attorney may lawfully issue process against the person or property of a party, they are liable if the process is issued in a case not authorized by law; and when it is issued in a case in which it may lawfully issue, but it is issued irregularly, they are liable only after it is set aside for such irregularity. While it remains in force it is a protection.

5th. While it is true that process issued by a court or officer in favor of a party upon proof, to be made to the satisfaction of such court or officer, although it may be issued erroneously, it is a protection to him; yet, if he interferes in the arrest beyond taking out the process and delivering it to an officer to be executed, he is liable for such unauthorized interference.

6th. The party who maliciously and in bad faith extends the jurisdiction of a court or officer to a case to which it

[*] Reported 5 Lansing, 100.

Miller *v.* Adams.

cannot lawfully be extended is liable to the party injured thereby.

The point made by the appellant's counsel, that the county judge did not acquire jurisdiction to issue an attachment against the plaintiff, because no proof of his non-appearance, in obedience to his order, was proved before him, is not available to him, because the fact that such proof was not made cannot, on the evidence, be said to be established.

The presumption of law is that proof was made, if it was necessary to authorize him to issue the process; and he swears he thinks such proof was made, but he does not recollect of any affidavit or how otherwise the proof was made. In a word, he does not admit that no proof was made; and it was incumbent on the plaintiff, under the circumstances of this case, to establish the negative, or, in other words, to overcome the slight evidence that such proof was made.

The orders in the supplementary proceedings have not been vacated or set aside. The County Court denied the motion to set them aside, and the General Term reversed that order. This left the orders in force. The General Term should have made an order setting aside the proceedings. Not doing it, they are left in force.

If the plaintiff was rightly nonsuited there was nothing to submit to the jury. A new trial should be denied.

A new trial denied.