HIRAM A. CRANE, Appellant, *v.* HERMAN KNUBEL,
Respondent.

Where by the terms of a contract the performance of certain specified
work is a condition precedent to payment, a failure upon the part of
the contractor to perform in any particular, if willful and without
excuse, will prevent a recovery for the work done. In such case the
comparative extent of the default will not be inquired into.

H. and defendant entered into a contract under seal, by which H. con-
tracted to do the carpenter work upon two buildings for defendant. An
installment was to be paid H. when certain specified work was done.
He gave to plaintiff an order upon defendant to be paid out of the
installment when the specified work was done. Defendant accepted
" payable when payment is due." Before the full completion of the
work so specified, H. abandoned the contract. Defendant thereafter,
upon presentation of the order, agreed to pay it. The residue of the
installment, after deducting the amount of the order, was more than
sufficient to pay for the completion of the work. In an action to recover
the amount of the order, *held* (EARL and DWIGHT, CC., dissenting), that
the promise being without consideration, the performance of the con-
dition precedent was not thereby waived; nor was defendant estopped
from alleging non-performance; and that plaintiff could not maintain
his action.

(Argued September 18, 1874; decided January term, 1875.)

THIS action was brought to recover the amount of an
order drawn by one J. G. Hoffman upon defendant, in favor
of plaintiff.

The referee found, in substance, as follows:

That in October, 1867, the defendant and one J. G. Hoff-
man made and entered into a contract in writing, under seal,
whereby Hoffman agreed to furnish the materials and do
the carpenter work in two dwelling-houses situated on the
lot at south-west corner of Seventh avenue and Fifty-ninth
street, in the city of New York, agreeably to the plans and
specifications, for which the defendant agreed to pay the sum
of $6,000 in installments.

The provision as to the last two installments, the fifth and
sixth, was as follows:

" When the trimmings all done, doors all hung, $1,000.

" When the work is completed, finished and done in con-

formity with the plans and specifications the final sum of $1,500."

While performing the work under said contract Hoffman made and gave to the plaintiff a certain instrument in writing in the words following, to wit:

"NEW YORK, *March 5th*, 1868.

"Mr. HERMAN KNUBEL. — Please pay to H. A. Crane, or order, eight hundred and twenty-one 91-100 dollars ($821.91-100) and deduct the same from the fifth payment or payments due when trimmings are all on and doors all hung, and much oblige

"Yours respectfully,

"$821.91-100. "J. G. HOFFMAN."

Which said instrument was accepted by defendant in writing across the face thereof in the following words : "Accepted ; payable when payment is due. H. Knubel."

Plaintiff, on the strength and faith thereof, furnished lumber to Hoffman to the full amount of the order.

The referee also made the following findings :

"That the said Hoffman did not complete or finish his said contract, but abandoned the same before the work was completed.

"That at the time the said Hoffman abandoned the said contract he had completed the work necessary thereunder to entitle him to the fifth payment, except in some slight particulars.

"That the said Hoffman, before abandoning the said contract, substantially completed the work necessary to be done to entitle him to the fifth payment, and was substantially entitled to said payment.

"That the difference between the amount of said payment ($1,000) and the amount of the instrument in suit ($821.91) would more than pay for the work necessary to be done to complete said payment.

"That after the abandonment of the said contract, and in the month of April, 1868, the plaintiff caused said instrument to be presented to the defendant for payment, who waived the strict performance of the contract by Hoffman and

promised and agreed to pay the amount called for by said instrument to the plaintiff."

And as matter of law he found that plaintiff was entitled to judgment for the amount of the order, with interest. The findings of fact were duly excepted to.

It was *held*, by all of the commission, that as the findings of fact of the referee were to the effect that Hoffman abandoned the work, and, without excuse, willfully neglected fully to perform the portion required to make the defendant liable for the fifth payment, the installment never became due; that in such case a substantial performance would not suffice.

It was also *held*, by GRAY and DWIGHT, CC., that the evidence did not sustain a finding of substantial performance.

The evidence upon which the finding of waiver was based was the testimony of two witnesses, one of whom testified that the forepart of April, 1868, he presented the order to defendant, telling him he was sent by plaintiff to have it paid. Defendant said he had no money, but expected some about the first of May, and would then call down and settle it. The other testified that he called on defendant about the fifteenth of April, presented the order and asked for payment; that defendant replied he could not pay it then; the work was not done; Hoffman had disappointed him; that he had not the money then; would pay next month. *Held* (EARL and DWIGHT, CC., dissenting), that the promise being made without consideration was not evidence of a waiver, and did not bind defendant or estop him from claiming nonperformance. REYNOLDS, C., bases his opinion (in which LOTT, Ch. C. concurred) principally upon the ground that there was nothing to indicate that defendant, when the promise was made, had reason to suppose that Hoffman would not eventually perform, or that defendant intended to waive performance; but concurred with GRAY, C., that a mere naked promise, particularly to a stranger to the contract, without consideration, after breach, was not a waiver, and an estoppel could not be based thereon, as nothing was said to prevent a performance by plaintiff, conceding that he had a right to perform in place of Hoffman. DWIGHT, C.,

dissented on the ground that the promise was a waiver, he arguing that plaintiff's cause of action was not on the sealed instrument (the contract), but upon the order and acceptance, and that a waiver by parol, without consideration, of the condition precedent therein, was valid. EARL, C., bases his dissent upon the ground of estoppel, he arguing that, inasmuch as plaintiff would have had the right, in case defendant insisted upon the full performance, to have gone on and completed the performance himself; and, as it was reasonable to presume he did not do so in consequence of the promise, and as defendant subsequently made no demand upon him to do the work and gave him no opportunity so to do, but went on thereafter and completed the work himself, and thus, having misled plaintiff and prevented a performance, he was precluded from denying his liability.

*James Clark* for the appellant.

*James M. Smith* for the respondent.

REYNOLDS, C., reads for affirmance ; LOTT, Ch. C.; concurs. GRAY, C., also reads for affirmance.

EARL and DWIGHT, CC., read for reversal.

Order affirmed and judgment absolute ordered against plaintiff.