HARRISON KENNEDY, administrator, plaintiff in error, *vs.* JOHN E. REDWINE, defendant in error.

1. The attorney of record, who represented the plaintiff in bringing suit and taking judgment, will not be heard to urge, in his own behalf, the invalidity of the judgment for want of process.  Hence, when execution founded upon the judgment is levied upon land, as the defendant's property, and the attorney interposes a claim in opposition to the levy, he claiming the land as his own property, he cannot uphold his claim or defeat the levy by introducing the record and showing by the same that the judgment was rendered without process or any express waiver of process,  He is estopped, on considerations of public policy, from meeting his former client with such an objection.
2. Though mere appearance, without pleading, is no waiver of process, will waiver result from appearance, failing to move to dismiss, or otherwise to object, and passively suffering final judgment to be rendered for the plaintiff, with no withdrawal of the appearance— *quære?*

Attorney and client.  Estoppel.  Process.  Before Judge RICE.  Hall Superior Court.  March Term, 1877.

An execution in favor of plaintiff's intestate against A. M. Cochran, was levied upon certain land as the property of the defendant therein.  A claim thereto was filed by Redwine.  Upon the trial of the issue thus formed, title and possession were shown in Cochran at the date of the judgment.  Claimant introduced the record of the suit in which such judgment was rendered, from which it appeared that he was attorney for the plaintiff, that no process was attached to the declaration, that "due and legal service" was acknowledged, and "copy and service by the sheriff" waived.  Also the entries on the bench docket, from which it appeared that defendant had "answered" by counsel.

Upon the introduction of this evidence, the court dismissed the levy upon the ground that the judgment and execution were void.

The plaintiff moved for a new trial because the court erred in holding that the judgment and execution were void under the circumstances of this case.

The motion was overruled, and the plaintiff excepted.

J. F. LANGSTON, for plaintiff in error.

J. B. ESTES; J. N. DORSEY, for defendant.

BLECKLEY, Judge.

1. The attorney of record, who represented the plaintiff in bringing suit and taking judgment, will not be heard to urge, in his own behalf, the invalidity of the judgment for want of process. Hence, when execution founded upon the judgment is levied upon land, as the defendant's property, and the attorney interposes a claim in opposition to the levy, he claiming the land as his own property, he cannot uphold his claim or defeat the levy by introducing the record and showing by the same that the judgment was rendered without process or any express waiver of process. He is estopped, on considerations of public policy, from meeting his former client with such an objection.

He may set up title in himself to the property. He may show that *his* property is levied upon to pay another's debt, but he has no right to say the debt was not lawfully reduced to judgment, since the procurement of the judgment was his own work, and a work of trust and confidence. The law gave him a lien on the judgment for his compensation. Code, § 1989. So it gave him power to transfer the judgment or execution, as against all the world except the plaintiff or his assignee. Code, § 3598. So the law charged him to keep his client's secrets inviolate. Code, § 417, ¶ 3. See, also, § 3798. The law would not permit him to accept employment as counsel for the defendant in the judgment in an application to have it set aside or declared void. 11 *Ga.*, 47. He may know much against it or much in its favor, and his knowledge may have been acquired by reason of his connection with the suit. What he knows against it he should not use for his own advantage, and he should have no personal interest in not disclosing what he knows in its favor. Perhaps he may be aware that

when the defendant acknowledged service and waived copy, he intended to waive process also, and that the last was omitted from the writing by mistake. Knowledge like this would furnish a basis for amending the acknowledgement of service, and thus curing the want of process. Code, § 3490. The same reasons of public policy which would prevent the attorney from being employed to attack the judgment would require that he should not attack it on his own motion, or to subserve his own interest. The law is quite particular not to suffer attorneys to make a profit by going against their clients. It will not permit them to give advice on titles, and then buy in for themselves adverse and better titles. Neither will it allow them to purchase in property for themselves at sheriff's sales, etc., of which their clients ought to have the benefit. Clients, by doing equity, can claim the fruits of such bargains, and keep attorneys to their true position as agents or trustees. What very wholesome doctrines prevail on these matters may be seen by consulting some of the reports : 4 Cowen, 718 ; 4 Johns. Ch., 118 ; 34 N. Y., 385 ; 40 How. Pr. R., 492 ; 8 Watts, 81 ; 3 Watts & S., 487 ; 5 *Ib.*,348 ; 1 Leading Cases in Eq., 164–5.

If, in the present case, the claimant cannot succeed if the judgment be good, and can succeed if it be bad for the want of process, he makes money by overthrowing the judgment. He was for his client in procuring the judgment; he is against him now in having it treated as worthless. This puts him, apparently, on both sides. He builds, and then pulls down. It is to be presumed, until there is proof to the contrary, (and there is nothing to the contrary now apparent) that the attorney of record, who brought the action, conducted the suit to the end, and had the judgment rendered. There can be little doubt that a part of the attorney's duty was to see that the papers were ready for judgment, although the special and particular duty of attaching process rested on the clerk. The attor-

ney ought to have seen that his client had a legal action in court, and that it went through without gross and palpable defects. Such a defect as the want of process, and no waiver thereof, should have been discovered when judgment was about to be taken, if not before. The client, most probably, was under no obligation of diligence, but the attorney doubtless was under those obligations which ordinarily attach to the relation. 7 *Ga.*, 144. A claim case, though on the law side of the court, partakes of the nature of an equitable proceeding. 7 *Ga.*, 380, 572; 8 *Ib.*, 264. Equity forbids that in a contest between client and attorney, the attorney should prevail by reason of his own fault, or even his own misfortune, in overlooking a plain omission in respect to the business entrusted to his care. It is enough that the claimant is allowed to show that he has a better title than the defendant in *fi. fa.* had when the judgment was rendered. This is giving full opportunity for justice to be done, without granting the privilege of attacking the judgment for defects that reach down to the foundations of suit.

2. Perhaps, after all, the judgment was good. This question is put beyond present examination by the principle of estoppel. In 52 *Ga.*, 22, there was no appearance.

Judgment reversed.