CHARLES H. FREY, PLAINTIFF IN ERROR, V. WENZEL DRAHOS, DEFENDANT IN ERROR.

1. **Practice:** PRESUMPTION. In a proceeding in error every presumption must be in favor of the correctness of the judgment of the court below. It is only "for errors appearing on the record" that the judgment of a district court can be properly reversed.

2. **Replevin:** DAMAGES: EVIDENCE. Where in an action of replevin tried to the court without a jury it was found that the use of the property while held by the plaintiff was worth $519, and that during the same time the property had depreciated in value $218, but neither of these items having been *allowed as damages*, and the testimony not having been preserved: *Held*, that there was no means of ascertaining whether they ought to have been allowed as damages or not, but that the inference to be drawn from the fact that the court below did not allow them is, that the evidence did not warrant it.

3. ——: ——: ——. If the property of a judgment debtor, in his possession or under his control, be seized by a sheriff in execution, and afterwards replevied from him by one having no interest therein, the true measure of the officer's damages is its value together with interest from the time it was taken. But in such case the defendant should not have damages for the detention or use of the property in addition to its value, for this would be compensating him twice for the same injury.

4. ——: ——: ——. But where the property is levied on, not in the possession of the judgment debtor, but in the possession of the plaintiff, who is holding it under a purchase made in good faith, but from a person having no authority to sell it, the debtor laying no claim whatever to it, the propriety of permitting the officer, in addition to the full amount due on his executions, to recover also for the benefit of the debtor may well be doubted.

5. ——: ——: ——. It is the duty of the court, upon finding the defendant entitled to property replevied from him, to proceed to assess adequate damages in his favor. The "right of possession only" carries with it the right to have at least nominal damages, independent of proof of any actual loss sustained. But the failure to assess damages can be corrected only

by motion for a new trial, and the preservation of all the evidence bearing on the question.

6. ——: ——: ——. While a judgment in favor of the defendant for a return of the property which fails to award at least nominal damages, is for that reason technically defective, still if it conform in this respect to the finding of fact which is not questioned by motion for a new trial, the judgment will not be reversed on that ground.

THIS was a petition in error to reverse a judgment of the district court for Cuming county. The case came before this court in 1877, and is reported 6 Neb., 1. At the adjourned November term, 1877, of the district court of Cuming county, held January, 1878, the case was again tried. A jury being waived, a trial was had to the court, and a special finding of the facts and the law made. After finding that the plaintiff in replevin had no interest in the property, and was not entitled to the possession of the same, but that the defendant was entitled to the possession by virtue of a levy thereon as the property of the Grange Company of Cuming county, under two executions, in favor of the First National Bank of Omaha, and against said Grange Company, the court found as a matter of law, that the defendant, having only a special interest in the property was entitled to recover to the extent of such special interest only, and rendered judgment accordingly. Further facts appear in the opinion.

*Crawford & McLaughlin*, for plaintiff in error.

1. When the suit is between the general owner, or a special property man, or one having only a lien on the property, as by levy under execution, and a mere stranger, the measure of damages, as against such stranger, is the full value of the property and damages for the detention according to the general rule; and if the party recovering has only a special property in the goods, he

recovers the balance for the general owner, to whom he is responsible for any excess after satisfying his lien. Sedgwick on Damages, Sec. 482, 483, and 501. 2 Parsons on Cont., 118. *Hays v. Riddle*, 1 Sand., 248. *Buck v. Remson*, 34 N. Y., 383. *Booth v. Abelman*, 20 Wis., *22. *Rawley v. Gibbs*, 14 Johns., 385. *Brizee v. Maybee*, 21 Wend., 144. Field on Damages, Sec. 837. *Fallon v. Manning*, 35 Mo., 271. *Frei v. Vogel*, 40 Mo., 149. *Ingersoll v. Van Bokkelin*, 7 Cow., 670, and note. *Chamberlain v. Shaw*, 28 Pick., 278. *Augier v. Tauton*, 1 Gray, 621. *Hyde v. Cookson*, 21 Barb., 92. 2 Greenleaf on Evidence, Sec. 649. *White v. Webb*, 15 Conn., 302.

2. Judgment must conform to finding. *Black v. Winterstein*, 6 Neb., 224.

3. The value of the use of the property during the time of detention may be recovered where the property has a usable value, such as a horse, wagon, steam engine, etc. *Allen v. Fox*, 51 N. Y., 562. *Williams v. Phelps*, 16 Wis., *81. Field on Damages, Sec. 826. *Morgan v. Raynolds*, 1 Mont. (Ter.), 163. *Clapp v. Walters*, 2 Tex., 130. *Darby v. Cassaway*, 2 H. & J., 413. *Butler v. Mehring*, 15 Ill., 488. *McGavock v. Chamberlain*, 20 Ind., 219. So also may damages be recovered for any deterioration of property while detained. Field on Damages, Sec. 831. *Gordon v. Jenny*, 16 Mass., 455.

*R. F. Stevenson*, for defendant in error, cited *School District v. Shoemaker*, 5 Neb., 36. *Hewson v. Saffin*, 7 Ohio, 587. *Pugh v. Calloway*, 10 Ohio State, 488. *Jennings v. Johnson*, 17 Ohio, 154. *Latimer v. Motter*, 26 Ohio State, 482. The defendant in error would not be liable for damages for unlawful detention to the true owner until after demand, it having been shown that he obtained his title to the property from the Milburn wagon company, who purchased the same at a chattel

mortgage sale, and certainly if he would not be liable to the true owner for damages of that character, there being no demand on him for the property, he cannot be held to respond to a party who only has a special interest in the property. *Arthur v. Wallace*, 8 Kan., 267.


LAKE, J.

It should not be forgotten that every presumption must be in favor of the correctness of the judgment of the court below. It is only "for errors appearing on the record" that the judgment of a district court, can be properly reversed. Code of Civil Procedure, Sec. 582. As to all questions of fact they must stand as found by the court below, there being no evidence before us, nor any foundation laid for their review. The only questions, therefore, which we can consider concern the judgment pronounced upon the facts as found.

The substance of the findings of fact is: *First*, That the defendant in error, who was plaintiff below, purchased the property in question at a public sale, and in good faith, but from one who, as it appears, was a stranger to the title, and that consequently he " did not have the right of possession of the said goods and chattels at the commencement of the action." This purchase was made " on the sixth day of December, 1875," and, although not so expressly found, still we think it reasonably inferable, before the executions hereafter referred to were levied upon the property. In other words that at the time the executions were levied the property had been purchased by the defendant in error, who then had it in his possession, under an honest claim of ownership. *Second*, That the plaintiff in error " was by virtue of two executions to him directed as sheriff of Cuming county  *  *  *  entitled to the possession of said goods and chattels at the commence-

ment of this action. That said executions are unsatisfied; then there was due thereon the sum of four hundred and eighteen dollars and fifty-one cents, the amount of said executions and interest to date of this judgment, together with costs," &c. *Third,* " That at the time the property was replevied it was of the value of one thousand and ten dollars, and that the value of the use of said chattels, during the time of the detention by the plaintiff, is five hundred and sixteen dollars, and that said goods and chattels have depreciated in value since the commencement of this action in the sum of two hundred and eighteen dollars."

The record further shows that: " The court finds, as question of law on the facts stated, that defendant (plaintiff in error) should have return of the property, or, on failure to return, damages to the amount of his special interest as sheriff, being the amount of the two executions, together with interest from the commencement of this action to date, and his costs expended." And a judgment substantially conforming to these conclusions of law was thereupon rendered.

The main grounds of objection to this judgment are: *First.* That with the order for the return of the property there was not also included damages equal to the full value of its use, together with its depreciation in value while held by the defendant under the order of replevin. *Second.* That on the contingency of a non-return of the property the damages were limited to the amount called for by the two executions, whereas it is contended that the recovery ought to have been in a sum equal to its full cash value at the time it was replevied, together with the value of its use while the plaintiff in error was deprived of its possession.

Of the first of these objections it may be said, that if the plaintiff in error had been the real owner of the property the rule contended for would probably have

been applicable, but not necessarily so, as to at least a portion of it.

In the case of *Barney v. Douglass*, 22 Wis., 464, it was held that the owner of a steam engine could not recover for its use during the time it was wrongfully detained without showing that he was in a situation to use it, and was prevented from doing so by such detention. And this we think is a reasonable rule. It does not appear whether this property was in use or not. In this case it is true that the court found from the evidence that the use of the property while held by the defendant in error was worth $519, and that during the same time it had depreciated in value $218, but whether under the evidence these items ought to have been allowed as damages we have no means of ascertaining. The inference to be drawn from the fact that the court below did not allow them is, that the evidence did not warrant it. As to the depreciation in the value of the articles, this may have been without the slightest fault on the part of the defendant in error, and under such circumstances as would make it most unjust to hold him accountable for it.

If the property of a judgment debtor, in his possession, or under his control, be seized by a sheriff in execution, and afterwards replevied from him by one having no interest therein, the true measure of the officer's damages is its value, together with interest from the time it was taken. *Buck v. Remsen*, 34 N. Y., 383. *White v. Webb*, 15 Conn., 302. *Hall v. Jenness, et al.*, 6 Kan., 356. But in such case the defendant should not have damages for the detention, or use of the property, in addition to its value, for as is well said in *Garrett v. Wood*, 3 Kan., 231, "this would be compensating him twice for the same injury." But in this case, as before shown, the defendant in error, at the time of the levy, was in the peaceful possession of the property under a claim of ownership, and for aught that appears with no

one, save the plaintiff in error with his executions, questioning the soundness of his title. It does not appear that the execution debtor himself laid any claim whatever to it. Under these circumstances the propriety of permitting the officer, in addition to the full amount due on the executions, to recover for the benefit of such debtor may well be doubted.

Section 191 of the code of civil procedure, concerning replevin, provides that: "In all cases where the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property, or the right of possession only, at the commencement of the suit; and if they find *either* in his favor, they shall assess such damages as they think right and proper for the defendant, for which, with costs of suit, the court shall render judgment for the defendant."

In this case the court, by consent of the parties, took the place of the jury in the determination of questions of fact, and found, not that the defendant in the action "had the right of property," which we have reason to suspect might have been proper, but merely that he was "entitled to the possession of said goods and chattels at the commencement of the action," and omitting altogether to assess damages, except contingently upon a non-return of the property.

It was the duty of the court, upon finding that the defendant was entitled to the possession of the property, to have proceeded to assess adequate damages in his favor as the statute directs. The "right of possession only" carries with it the right to have nominal damages at least, independent of proof of any actual loss sustained. But an error of this sort can be corrected only by a motion for a new trial, and the preservation of all the testimony bearing on the question.

Section 7, of an act to amend the code of civil pro-

cedure passed February 26, 1873, provides what sort of judgment shall be rendered on the several findings that may be had in replevin cases. It enacts that: " The judgment in the cases mentioned in sections one hundred and ninety, and one hundred and ninety-one, and in section one thousand and forty-one of said code, shall be for the return of the property, or the value thereof, in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property and costs of suit." Gen. Stat., p. 713. Now while this judgment, in failing to award at least nominal damages with a return of the property, is not technically correct, still it follows strictly the findings of fact, and in all other respects conforms in all essential particulars to this section of the statute. We see nothing in this judgment prejudicial to the plaintiff in error, and therefore it must be affirmed.

JUDGMENT AFFIRMED.