Elisha S. Fowler et al., Appellants, *v.* Lucy Haynes, as Administratrix, etc., Respondent.

Under the provisions of the Code of Procedure (Subd. 15, § 64), as amended in 1860, * authorizing the defendant in an action in a justice's court, to make an offer of judgment " on the return of process and before answering," and upon acceptance thereof by plaintiff authorizing the justice to render judgment accordingly, the words " on the return of process " do not limit the authority to the return day specified in the process, but it may be exercised immediately after service and actual return thereof.

Where, therefore, upon the same day of the issuing of a summons by a justice of the peace, but after its service and actual return by the constable with proper certificate of service, the parties appeared by attorneys who duly swore to their authority to so appear, and plaintiffs' attorney filed his complaint in writing, whereupon defendant's attorney made an offer in writing to allow judgment for the amount claimed in the complaint, which was accepted and judgment entered accordingly. *Held*, that the judgment was valid; also *held*, that authority to defendant's attorney to appear for her empowered him to make the offer of judgment, and that, therefore, it was not necessary, in addition to swearing to authority to appear generally, that he should have sworn to authority to make the offer.

In an action to recover the possession of personal property, defendant claimed under a judgment against plaintiffs' assignor, and execution thereon levied on the property, alleging that the transfer to plaintiffs was fraudulent and void as to creditors. The property was taken and delivered to plaintiffs. Defendant succeeded in his defense. The value of the property as found was more than enough to pay the execution and officer's fees. *Held*, that judgment for the full value of the property in case a return thereof could not be had was erroneous; that the recovery, inasmuch as the transfer was valid as between the parties thereto, and so plaintiffs occupied the position of general owner, should have been limited to the amount of defendant's lien.

*Buck* v. *Remsen* (34 N. Y. 383), limited.

(Argued January 26, 1883; decided February 9, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 29, 1882, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

*See Code of Civil Procedure, § 2892.

This action was brought to recover the possession of certain personal property, consisting of a stock of millinery goods. It was originally brought against Nicholas H. Haynes, the present defendant's intestate.

Plaintiffs claimed title under two bills of sale executed by Mrs. Lucy A. Michelson. Defendant justified under a justice's judgment against Mrs. Michelson, and a levy by virtue of an execution issued to him as constable upon said judgment. He claimed that the bills of sale were fraudulent and void as to creditors. The findings and the facts as to the bills of sale and the judgment so far as material are stated in the opinion.

The property in question was taken under process from defendant and delivered to plaintiffs. The value of the property, as found, was greater than the amount of the execution and defendant's fees. The referee directed judgment for a return of the property, or in case a return could not be had, for payment of its full value. Judgment was entered accordingly.

*Cornelius E. Stephens* for appellants. The judgment in favor of Johnson was void. The justice had no jurisdiction of the person of defendant. (Old Code, § 64, subd. 15; 3 R. S. [6th ed.] 402, § 11; *Lester* v. *Crary*, 1 Denio, 81; 2 Wait's Practice [1st ed.], 256; *Binney* v. *Le Gal*, 19 Barb. 492; *Everson* v. *Gehrman*, 10 How. Pr. 301; *Tenny* v. *Filer*, 8 Wend. 508, 569; 3 R. S. [Banks' 6th ed.] 402, title 4, part 3, §§ 9, 10, 39, 44, 46; *Sperry* v. *Reynolds*, 5 Lans. 412; 65 N. Y. 179; *Dobson* v. *Pearce*, 12 id. 164–6; *Pixley* v. *Phœnix B'k*, 83 id. 337; *Ferguson* v. *Crawford*, 70 id. 254; *Sagendorf* v. *Shult*, 41 Barb. 102, 107–8; 2 R. S., part 3, chap. 3, title 4, §§ 11, 12, marg. p. 227; id., § 12, subd. 3.) A judgment of an inferior court must show jurisdiction on its face, or it is void. (*Frees* v. *Ford*, 8 N. Y. 176; *Simmons* v. *De Barre*, 8 Abb. Pr. 269.) The referee erred in allowing defendant the total value of the goods. His right of recovery was limited to the amount of his judgment and execution, with interest and poundage. (Crocker on Sheriffs [2d ed.], § 836, p. 303; *Allen* v. *Judson*, 71 N. Y. 77.)

*A. P. Smith* for respondent. The parties, having submitted
to the jurisdiction of the justice, are estopped from denying
that he had jurisdiction. (Code Pro., § 64, subd. 15 ; 2
Wait's Law and Practice, 54, 55, 57, 1 Cow. Tr. 587 ; 3 R. S.
[6th ed.] 402, § 9.) If the judgment were irregular it could
not be attacked for that irregularity, in this collateral way, in
an action against an officer whose process is regular on its face.
(*Griffin* v. *Mitchell*, 2 Cow. 548 ; *Wesson* v. *Chamberlain*, 3
Comst. 331; *Skinnion* v. *Kelley*, 18 N. Y. 355 ; *Shottenkirk*
v. *Wheeler*, 3 Johns. Ch. 275 ; *Brown* v. *Nichols*, 42 N. Y.
26.) In actions of this kind, if the defendant succeeds, he
is entitled to a judgment for the return of the property, or the
payment of its value, and is not limited to the amount of his
execution and costs thereon. (*Buck* v. *Remsen*, 34 N. Y. 383.)

ANDREWS, J. The plaintiffs cannot maintain their alleged
title, under the bill of sale from Mrs. Lucy A. Michelson to
Bernherd Browner, dated November 22, 1878, and subsequently
assigned to them, against a subsequent judgment and execution
creditor of Mrs. Michelson. The referee finds that the bill of
sale was made with intent to hinder, delay and defraud Mrs.
Michelson's creditors, and that the plaintiffs had notice of its
fraudulent character, at the time they took the assignment.
So also, upon the facts found by the referee, the plaintiffs
derived no title to the property under the bill of sale to them
from Mrs. Michelson, of December 6, 1879. It is found that
that bill of sale was executed on the express understanding and
agreement, and as a condition precedent to its having any effect,
that the plaintiffs should execute to Mrs. Michelson an agree-
ment in writing, to allow her to remain in possession of the
goods and to conduct the business as she had theretofore done,
until she had time to realize from the stock sufficient to pay
the plaintiff's claim of $161.12, and also the claim of Bronner,
of $184.40.

The evidence shows that the bill of sale was executed to the
plaintiffs on the afternoon of Saturday, December 6, 1879.
When the bill of sale was delivered to the plaintiffs, no inven-

tory of the goods had been taken, and on the evening of that day the parties proceeded to take an inventory. But the transaction was left incomplete. The giving of the bill of sale, and the execution of the defeasance were intended to be concurrent acts, and the execution of the latter was deferred because the attorney for the defendant, by reason of other engagements, and on account of the lateness of the hour, was unable to draw it, and upon the plaintiffs' suggestion that he would send it down on the Monday following. It was not the case of an absolute delivery of a bill of sale, the vendor relying upon the promise of the plaintiff to perform his part of the undertaking at a subsequent period. The possession of the goods. was not transferred to the plaintiffs, and until the performance of their agreement to give the written defeasance they acquired no title to the property. (*Russell* v. *Minor*, 22 Wend. 659; *Leven* v. *Smith*, 1 Denio, 571.) It is not material that the transaction would operate as a mortgage simply, and not as an absolute sale, in case there had been merely a parol agreement that it should constitute a mortgage. It was a prudent and proper precaution on the part of Mrs. Michelson that she should have written evidence from the plaintiffs of the condition under which it was given, and as the execution of a defeasance in writing, was made by her an essential part of the transaction, the refusal of the plaintiffs on subsequent demand by her, before the levy, to perform the contract in that respect, terminated their rights under the agreement.

It becomes material, however, to pass upon the question raised as to the validity of the judgment and execution under which the defendant's intestate levied upon the property, because, although the bill of sale to Bronner was void as against the creditors of Mrs. Michelson, it was nevertheless good as between the parties, and could only be assailed by one having a valid judgment and execution against Mrs. Michelson. The judgment was rendered in an action in favor of James G. Johnson, as surviving partner of Johnson Brothers & Co., against Mrs. Michelson by a justice of the peace on the 11th day of Decem-

ber, 1879, the same day on which a summons was issued and served upon the defendant therein, but after the service of the summons and its actual return by the constable to the justice, with a proper certificate of service, and upon the appearance by attorneys for the respective parties, who duly swore to their authority to so appear. The plaintiff on such appearance filed his complaint in writing, and thereupon the defendant's attorney made an offer in writing to allow judgment to be taken against him in favor of the plaintiff for the amount claimed in the complaint, which offer was thereupon duly accepted in writing by the plaintiff's attorney, and judgment was thereupon entered. The authority to render a judgment under these circumstances depends upon the construction of subdivision 15, section 64 of the Code of Procedure (Chap. 459, Laws 1860), which provides that in actions before a justice of the peace the defendant, on the return of process, and before answering in the action, may make a written offer of judgment, and that the plaintiff shall thereupon, before any other proceeding shall be had, determine whether he will accept or reject such offer, and authorizes the justice, in case the plaintiff accepts such offer in writing, to file the offer and acceptance, and render judgment accordingly. It is claimed on the part of the plaintiffs that the words "on the return of process," authorize this proceeding to be taken only on the return day of the process. But we are of opinion that this construction cannot be maintained. A suit may be instituted before a justice, either by the voluntary appearance and agreement of the parties, or by process (2 Rev. Stat., 227, § 11), and, if instituted by summons, it is considered to be commenced on the day when the process shall be delivered to the constable, and when instituted without process at the time of the parties joining issue (id., § 12). The justice had jurisdiction of the subject-matter, and also of the person of the defendant, Mrs. Michelson, by the service of process, although he could not without her consent render a judgment until the return day mentioned in the writ. But the justice having acquired jurisdiction of the subject-matter and of the person, it was competent for the parties to waive the time

mentioned in the summons, and by consent proceed to trial, or take any other proceeding prior to the return day of the summons. The object of the provision of the Code referred to was to allow the defendant, by making an offer of judgment, to save himself further costs in case the recovery should not exceed the offer, and the requirement that the offer should be made before answer was designed to protect the plaintiff against being put to his election by an offer made after issue, or during the progress of the trial. But neither the language of the statute, nor the reason upon which it is founded, points to the return day of the process as the earliest period when the right given can be exercised. The justice having jurisdiction of the subject-matter, and of the person of the defendant, was authorized upon the actual appearance of the parties in anticipation of the return day of the process, and the making and acceptance of the offer, to forthwith render judgment. The appearance was in the action already commenced, as distinguished from a voluntary appearance without process, and all the proceedings were in such action. We are also of opinion that the authority of the defendant's attorney to appear in her behalf, empowered him to make the offer of judgment. All the incidents to such authority attached thereto, and among others to bind the principal by any proceedings which the principal herself might take therein, and it was not necessary that in addition to his swearing to his authority to appear generally for her, he should have further sworn to his authority to make the offer of judgment.

The judgment was, therefore, regular, and the constable to whom the execution was issued, having ·levied upon the property, was entitled to hold it under the execution. But we are of opinion that the judgment should have limited the sum required to be paid by the plaintiffs, in case the delivery of the property could not be had, to the amount of the execution and the fees of the officer. Although the bill of sale to Bronner was void as ·to creditors of Mrs. Michelson, it was, nevertheless, as has been said, good as between the parties. The general rule is that in an action for the conversion of

chattels, brought against the general owner by a person holding a lien upon the property taken or converted, the plaintiff's recovery is limited to the amount of his lien; but if the action is against a stranger, having no interest in the property, the plaintiff will be allowed to recover its full value, and he will hold the balance of the property beyond the amount necessary to satisfy his claim in trust for the true owner, and as in this case the defendant's intestate had no interest, except by virtue of his lien, it is contrary to principle that he should be allowed to recover, as against the plaintiffs, who, for this purpose, occupy the position of general owners, beyond the amount of his claim. The defendant relies upon the case of *Buck* v. *Remsen* (34 N. Y. 383) to support the judgment for the full value of the property. That was an action, by the holder of a lien, against the general owner, and the court seem to have acquiesced in a recovery by the plaintiff, of the full value of the property, which exceeded the amount of the lien. But the point, as the case shows, was not insisted upon by the defendant, nor did the question appear to have been much considered, and the authorities cited in the opinion, recognize, and are based upon the distinction between an action brought against a general owner of property, and one brought against a stranger, by a person claiming a lien upon the property. The later case, in this court, of *Allen* v. *Judson* (71 N. Y. 77) affirms the distinction in question, and is an authority against the recovery, in this case, of the full value of the property. We are of opinion, therefore, that the judgment should be modified by limiting the recovery of the defendant, in case the return of the property shall not be had to the amount of the execution and the costs, and as so modified, affirmed, without costs, in this court.

All concur, except RUGER, Ch. J., taking no part.

Judgment accordingly.