D'ANDRE et al. v. ZIMMERMANN et al.

(Supreme Court, Appellate Term, First Department. June 22, 1896.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.
   In an action to foreclose a mechanic's lien which was discharged by giving bond, an objection that the complaint was defective in failing to allege an assignment of a bond by the county clerk, or that any leave to sue on the bond had been obtained, or that it was not shown that the court fixed the amount of the bond, or that the sureties were approved, cannot be raised for the first time on appeal.

2. MECHANICS' LIENS—FORECLOSURE—ALLEGING AMOUNT OF WORK DONE.
   An allegation in a complaint to foreclose a mechanic's lien that defendant "agreed to pay the plaintiffs for said stone work six cents per cubic foot for all the work so performed," and "the work done by said plaintiffs upon said contract was of the agreed price and value of $390.24," is equivalent to an allegation that plaintiffs did 6,504 cubic feet of stone work.

3. CONTRACTS—SUBSTANTIAL PERFORMANCE.
   In an action to foreclose a mechanic's lien for $390, a finding that plaintiffs failed to perform work to the extent of $13.80 does not show that the contract was not substantially performed.

4. MECHANICS' LIENS—FORM OF JUDGMENT.
   An objection that a judgment in an action to foreclose a mechanic's lien, which was discharged by the giving of a bond, was not in form against the property, so as to discharge the sureties, is not available on appeal from the judgment, but should be raised by motion in the court below.

5. SAME—RIGHTS OF SUBSEQUENT LIENHOLDERS.
   An objection that the judgment was defective, in that it did not make the claims of subsequent lienholders payable out of the money awarded, should be raised by motion in the court below, and not on appeal from the judgment.

Appeal from city court of New York, general term.

Action by Antonio D'Andre and others against Joseph J. Zimmermann and others to foreclose a mechanic's lien. A judgment in favor of plaintiffs was affirmed by the city court (38 N. Y. Supp. 1121), and defendants Joseph J. Zimmermann, Jacob A. Zimmermann, and George B. McEntyre appeal. Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. G. Flammer, for appellants.
Irons & Todd, for respondents.

McADAM, J.    The action was to foreclose a mechanic's lien upon certain real property belonging to the defendant Joseph J. Zimmermann, situate in Ninety-Sixth street, between Columbus and Amsterdam avenues, this city.    The lien was filed by the plaintiffs for $390.24, due for stone work done upon the property, pursuant to a contract with Zimmermann, the owner, who was at the time erecting four houses upon the property.    After the action had been commenced the lien was discharged by order of the court upon the execution and approval of the statutory bond given by Jacob A. Zimmermann and George B. McEntyre as sureties, and they were thereafter brought in as parties defendant under an amended complaint praying for relief against them as well as the owner.    The five other defendants were made parties because they had filed liens against the property for work done by them thereon under employment by the plaintiffs, who became liable for their services.    That the work for which the plaintiffs filed their lien was substantially performed, and the sum claimed by them as owing therefor, to the extent allowed by the court below, was satisfactorily established; so that nothing remains for us but to pass upon certain objections of a technical nature which have been urged against the recovery.

It is claimed that the complaint is defective in failing to allege any assignment of the bond by the county clerk, or any leave to sue on the same first had and obtained, as required by section 814 of the Code.    The objection was not made, by demurrer or otherwise, at or prior to the trial, when it might have been obviated, and cannot be raised for the first time upon appeal.    Gerding v. Haskin, 141 N. Y., at page 520, 36 N. E. 601.    And see cases collated in Baylies, New Trials, 188.    No objection to the absence of proof upon the subject having been made at the trial, that was in like manner waived.

The complaint alleged the contract with Zimmermann, the owner, whereby he "agreed to pay the plaintiffs for said stone work six cents per cubic foot for all the work so performed," and "that the work done by said plaintiffs upon said contract was of the agreed price and value of $390.24."    These allegations clearly mean that 6,504 cubic feet of stone work was done; for the amount earned as alleged is figured out in that way, and the facts will harmonize with no other conclusion.    The defendants, by way of demurrer, moved to dismiss the complaint upon the ground that the omission of an affirmative allegation that "6,504 cubic feet" of stone work had been done made the pleading fatally defective.    The court properly denied the motion, for a complaint, on demurrer, will be deemed to allege what can be implied by reasonable and fair intendment. Marie v. Garrison, 83 N. Y. 14; Lorillard v. Clyde, 86 N. Y. 384; Olcott v. Carroll, 39 N. Y. 436; Wall v. Bulger, 46 Hun, 346; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251.

It is next claimed that there was no allegation or proof that the court fixed the amount of the bond, or that the sureties were ap-

proved after justification. This objection was not specifically taken at the trial, and is therefore unavailing. If it had been taken, it might have been inferred, from the fact of the approval of the bond and the granting of the order discharging the lien, that all the necessary prerequisites had been complied with; for it is generally presumed, in the absence of evidence to the contrary, that a court making an order acts upon proper proofs. "Omnia præsumuntur legitime facta donec probetur in contrarium." Miller v. Adams, 7 Lans. 131, affirmed, 52 N. Y. 409. Apart from this, the sureties are estopped from questioning the validity of the bond. Miller v. Youmans, 13 Misc. Rep., at page 63, 34 N. Y. Supp. 140.

The court found that the plaintiffs failed to perform brickwork, to the extent of $13.80, which they ought to have done under their contract, and deducted this sum from the contract price. This circumstance is made the basis for urging that the plaintiffs did not complete their contract, and should not, therefore, have recovered anything. The rule is that, where there has been a substantial performance of a contract, and some item of work has been accidentally overlooked, a recovery may be had for the contract price less the expense of completing the portion undone. Smith v. Gugerty, 4 Barb. 614; Glacius v. Black, 50 N. Y. 145; Heckmann v. Pinkney, 81 N. Y. 211; Nolan v. Whitney, 88 N. Y. 648; Whelan v. Clock·Co., 97 N. Y. 293; Flaherty v. Miner, 123 N. Y., at page 382, 25 N. E. 418; Van Clief v. Van Vechten, 130 N. Y. 579, 29 N. E. 1017; Miller v. Benjamin, 142 N. Y. 615, 37 N. E. 631. It is where the contractor abandons his work (Crane v. Knubel, 34 N. Y. Super. Ct. 443, affirmed 61 N. Y. 645), or there has been a willful or intentional departure from the contract, and the defects pervade the whole work (Phillip v. Gallant, 62 N. Y., at page 264; Woodward v. Fuller, 80 N. Y., at page 316; Van Clief v. Van Vechten, supra), that the rule stated is inapplicable. There is nothing to justify the inference that the trifling amount of brickwork left unfinished was other than an accidental omission, fully compensated for by the allowance made at the trial.

The appellants also object that the judgment is not in form against the property, hence the sureties are not liable; the condition of the bond being, in the language of the statute, for the "payment of any judgment against the property,"—the bond merely taking the place of the property, the same as moneys paid into court, or securities deposited after suit brought to foreclose the lien. The court. in Morton v. Tucker, 145 N. Y., at page 248, 40 N. E. 3, in reviewing the act under which the bond was given, said:

"The sureties in the bond intended, and must be understood as undertaking, to pay the amount which it should be adjudged was due and owing to the plaintiffs, and which was chargeable against the property by virtue of their notice of lien. In other words, the condition was for the payment of any judgment which might have been rendered against the property had not the bond been given."

The court below found that the plaintiffs had acquired a valid lien upon the property, which lien was discharged by the bond; so that the event upon which the sureties were to be bound happened,

and they were properly charged. If the form of the judgment required any amendment in this respect it was the subject of a motion in the court below, and cannot be heard in the first instance upon appeal, as will be seen by reference to the cases hereafter referred to.

It is also objected that the judgment was radically wrong as to the five subsequent lienors whose claims existed against the plaintiffs, and whose liens should by the judgment have been made payable out of the moneys awarded. Laws 1885, c. 342, § 20, as amended by chapter 420, Laws 1887. And see Cronk v. Whittaker, 1 E. D. Smith, 647; English v. Lee, 63 Hun, 572, 18 N. Y. Supp. 576. The evident object of the provision requiring that all lienors be made parties was that the court might determine the equities of each, to the end that, on payment of the amount due by the owner and chargeable against the land, all the liens might be discharged therefrom. But no provision was made in the judgment of the court below for the payment to these five lienors from the recovery awarded the plaintiffs by the appropriation of sufficient thereof to satisfy said liens; and, in case the owner satisfied the recovery, these five liens would remain of record unsatisfied against his property. The omission was evidently an oversight, which might have been corrected by motion made for the purpose; and this practice ought to have been observed, instead of presenting the matter here as an original question. Buck v. Remsen, 34 N. Y., at page 385; People v. Goff, 52 N. Y. 434; Marble v. Lewis, 53 Barb., at page 437; and cases collated in Gerber v. Railroad Co., 3 Misc. Rep., at page 429, 23 N. Y. Supp. 166.

We find no merit in the exceptions. Substantial justice has been done, and if the plaintiffs will file a stipulation that the judgment be amended by providing that the five liens filed by the workmen be first paid and discharged out of the moneys awarded to the plaintiffs, the same being more than sufficient for the purpose, the judgment, as modified, will be affirmed, with costs. All concur.