10520.　SMITH et al. v. ROME HARDWARE CO., for use, etc.

LUKE, J. 1. While, as a general rule, a new party is entitled to the same time within which to prepare for trial as if he had been one of the original parties to the cause (Civil Code of 1910, § 5602), and while, as a further general rule, consent of all the parties is necessary to a trial of the cause at the first term after service (Id. §§ 5421, 5659), yet where a rule nisi is duly issued and served upon a proposed new party, who at the first term thereafter appears by counsel and applies for a continuance, which is denied, and sits silently by while a final judgment and decree is being rendered in the cause, without objecting or thereafter excepting to such final judgment, he will not, in any suit subsequently brought, be permitted to attack such final judgment collaterally. Even if voidable in a direct proceeding brought for the purpose of setting it aside, such a judgment is not absolutely void. Civil Code (1910), §§ 5963, 5968; and see Kennedy v. Redwine, 59 Ga. 327 (2); Ga. R. Co. v. Pendleton, 87 Ga. 751 (1) (13 S. E. 822).

2. The court did not err in admitting in evidence on the trial of this case the final judgment referred to above, which had been rendered in a former case and at a former term of the same court, and which was objected to on the ground that it was absolutely void.

　　　Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.
　　　DECIDED JANUARY 6, 1920.

Action on bond; from Floyd superior court—Judge Wright. February 7, 1919.

M. B. Eubanks, for plaintiffs in error.

Maddox & Doyal, contra.