THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARTIN STELZER, Appellant.

County Court, Schoharie County, July 14, 1950.

*T. Paul Kane* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Borden H. Mills* of counsel), for respondent.

WHARTON, J.   This is an appeal from a judgment of $102.50 entered in Justice's Court by civil compromise under section 956 of the Conservation Law. The specific charge appears to have

been the taking of a deer before 7:00 A.M. on November 16, 1949. While the Justice's return relates that the defendant was "brought" before the court following the alleged commission of the crime, it further sets forth that the defendant was not arrested. Although the charge involved originally appeared to have been of the grade of misdemeanor under subdivision 1 of section 176 of the Conservation Law, no warrant was issued.

The defendant-appellant questions the jurisdiction of the court and charges that the alleged compromise was obtained through fraud and duress. The latter issue obviously cannot be tried upon appeal. The defendant was not represented by counsel when arraigned before the Justice; nor does he appear to have been advised of his rights, much less the charge against him, which might have been civil or criminal under the statute. (Code Crim. Pro., § 699.)

It is the opinion of this court that the aforesaid statute should have been strictly complied with as well as section 218 of the Justice Court Act and chapter VI of title XII of part IV of the Code of Criminal Procedure (§ 663 *et seq.*) relating to a defendant's offer to compromise. It does not appear that the Conservation Law sets up a new method of procedure in the matter of compromise of a civil action but rather authorizes the officers specified in section 956 and the defendant to choose and voluntarily appear before a court of competent jurisdiction for the purpose of effecting the proposed compromise. Having chosen the court, the jurisdictional procedure thereof must be followed strictly. (*Fowler* v. *Haynes*, 91 N. Y. 346; *Rowe* v. *Peckham*, 30 App. Div. 173.)

The judgment is reversed and set aside and the amount of the penalty and costs remitted to the defendant.