The first plea set forth in substance, “that before the making of the note in the plaintiff’s declaration mentioned and the bill of particulars above set forth and stated,” the said Nehemiah and the said testator became co-partners with one DavidRogers Lambert, under the firm of Rogers and Lambert, to wit in the year 1795.
That the books of the firm were kept by Lambert who was to be rewarded by a part of the profits of the business, while all the capital should remain the property of the testator and Nehemiah Rogers.
That in the year 1811, Lambert being debtor to the firm in the sum of £4768,7,4 : New-York currency, in stating his account with the firm debited to them the sum of £3,500. as profits and admitted a balance of £1,268. to be due from himself to the firm: which sums he afterwards entered in the partnership books whereby he stood discharged of said last mentioned sum and the said testator had credit for $1,610,45. This last entry was made as if Lambert had actually paid the money to the firm, whereas in point of fact no part of it was ever paid into the partnership funds: nevertheless the said testator had credit for it and interest thereon in account current between himself and others with the defendant, (N. R.) who were successively partners with the defendant, until the 31st day of December, 1814.
The plea then stated all the particulars of the partnerships, and who the successive partners were, and how the various firms were composed, and averred that the said sum of $1,610,45, was continued upon the books of the various firms to the credit of said testator until December, 1814, when an account was stated between the testator and the defendant, N. R. in fact but under the name of N. Rogers & Son, wherein credit was given to the testator for the aforesaid sum of $1,610 45-100, to■* -«'ether with interest thereon, making altogether the sum of *396 $§,069,37-100, which last mentioned sum was included in the balanee for which the note specified in the declaration was given.
The plea then further stated, that Lambert made said entries in the books, in discharge of himself, under an expectation that his share of the profits arising out of uncollected debts due to said firm would equal the amount for which he had made the entries, whereas, it was afterwards ascertained that no profits had accrued to said Lambert from any outstanding debts, whereby the amount of said entry of $1,610, 45-100, to the credit of said testator together with the interest thereon included in said note “ had become erroneous, null and void.”
The second plea set forth the partnership between the defendant, the testator and Lambert as in the first plea, and that Lambert kept the books of the firm. That in December, 1805, the testator’s name was withdrawn from the firm, and his son, Henry Rogers became a partner therein. That this partnership between the defendant, Lambert and Henry R. continued until the year 1808, when the last named partner died. That after his death a statement of the concerns of the firm was made by Lambert, whereby it appeared that there would probably be an amount of profits to be divided among the partners arising from uncollected debts, and that Henry R. would be entitled to one sixth part of such profits. That the testator, as the heir at law of Henry R. and as his administrator, requested the other partners to charge to him (the testator) all such sums as ought to be charged to his said son, and to credit him with such an amount as Henry R. was entitled to receive. That thereupon, Lambert upon estimating all the debts due to the firm, found that they amounted to $30,000., one sixth part of which was contingently credited to the testator, -with a distinct understanding that if the collections should fall short oí said estimate, a proportionate deduction should be made from said credit of $5000. This credit was continued until the date of the note, on the books of the various firms, viz : on the books of the original firm until 1811, when the defendant Jeremiah R. associated with him in business one Fitch Rogers, Jun., son of the testator, and the defendant Samuel Rogers, under the firm of N, Rogers, Son & Co. Portions of the aforesaid *397 debts were collected by this firm until May, 1814, when Fitch Rogers, Jun., retired from the same, and afterwards the collections were continued by the remaining partners under the name of N. Rogers & Son, until the 31st of December, 1814, when an account was stated between the said Nehemiah in fact, (but in the name of N. Rogers & Son,) with the said testator, in which the said sum of $5000 was included. For this balance the note specified in the declaration was given, under the supposition that it was actually due, without any examination as to the actual amount of collections made. The plea then stated, that since the date of said note, it had been finally ascertained, that the collections made by the said firm of which the said Henry R. deceased was a partner, were not sufficient to cover the actual losses of said firm, and would not amount to the sum of $30,000., whereby said note for $8000 became “ erroneous, null and void.” The plea then concluded with an averment, that the said sum of $5000 with the interest thereon was equal to the amount of said note, and the interest on the same, which the defendant was ready to verify, &c.
To these pleas the plaintiffs demurred, and for causes of demurrer to the second plea, assigned the following, viz:
I. That the second plea mentions and refers to the bill of particulars, as if the same had been pleaded and made part of the record.
II. That the second plea alleges “ that $5000 were then and “ there credited contingently to the said testator” “ upon the dis- ** tinct understanding,” &c. without alleging upon whose distinct understanding, &c.
III. That the same plea is argumentative and by way of rehearsal and not distinct and positive, in that it alleges that the name of said testator was withdrawn from the firm, without alleging whether the testator himself withdrew therefrom, &c. Neither does it state whether at the time said note was given, there was any understanding that its amount should be corrected, in *398 creased or diminished, according to the collections actually made, but leaves the same to inference and argument.
• IV. The second plea is uselessly encumbered with long and informal statements and allegations.
Upon the argument of the demurrer, Mr. Sedgwick for the plaintiffs presented the following points.
I. That the first plea was bad because it purports to answer the whole declaration, but contains no answer whatever to the second count,' and goes only to a part of the first count.
II. The first plea is bad because it seeks to open the partnership accounts between the testator, Nehemiah Rogers and David R. Lambert, when the only remedy which the defendants have, if there he any, is to be found in a court of equity. The same plea is also bad, because it amounts to a set-off, which cannot be pleaded.
The second plea is bad, for the reasons already set forth in the first point, and because it involves the whole or the greater part of the partnership accounts of Rogers, Lambert & Co., the subject matter whereof, being founded in misapprehension and mistake, is properly subject to the jurisdiction of a Court of Equity only, to the exclusion of the jurisdiction of a Court of Law.
When the cause was called for argument, the court deemed the objections taken by the plaintiffs in the second and last points, as conclusive, against the pleas and gave judgment for the plaintiff without any observations from either counsel; the same points having been decided in the previous case.

Judgment for the plaintiff on the demurrer.

[D. D. Field, Att'y for the plff. A. G. Rogers, Att'y for the deft.]