TRUMAN ESTES *v.* HEMAN WHIPPLE AND BROWNSON HAR-
MON.

BENNINGTON,
*February,*
1840.

.No action, *at law,* by a co-partner against his two joint partners, can be
maintained on the partnership contract, nor can any action be maintain-
ed on *any contract,* or promise, made to a man jointly by himself and
others.

THIS was an action of covenant broken, wherein the plain-
tiff declared, as follows ;—" For that whereas, by certain ar-
ticles of agreement, made the 3d day of August, 1837, be-
tween Truman Estes, Heman Whipple and Brownson Har-
mon, all of Bennington, which agreement, under seal of the
said Truman Estes, Brownson Harmon and Heman Whip-
ple, the plaintiff now brings here into court,.the date where-
of is the day and year aforesaid, which is in the words and
figures following, to wit, ' that the said Truman Estes being
' the owner and occupier of a certain stone building, built by
' him for a factory, with the stone buildings attached to it, situ-
' ate in or near the village of North Bennington, and the wa-
' ter privilege at said buildings, being part of the same deed-
' ed to Truman Estes, by David Estes, on the 15th day of
' June, A. D. 1837, the said Truman agrees to finish all the
' stone building now commenced on the premises, make wood
' house, cotton house, &c., (setting forth particularly the
' manner of finishing the premises,) furnish a yard adjoining
' the buildings, suitable for the factory use, and rent the five
' houses between the Universal church and the house said Tru-
' man Estes now occupies, at a reasonable rent,to such families
' as the company shall think proper, and build more houses
' or find land near the factory for the company to build houses
' on, if more are necessary, for the use of families employed
' for the factory, and buy them of the company at their ap-
' praised value, at the expiration of the partnership, and have
' a reasonable time to pay for them. If, at any time, the
' company should find that the water wheel, now on the pre-
' mises, should not be sufficient to propel as much machinery
' as they have in the building, then the company may put in
' a new water wheel in the wheel house adjoining the large
' buildings, and Truman Estes shall pay its value at the ex-
' piration of the partnership, and rent all the aforementioned
' property, privileges and appurtenances thereto belonging,

'unto the said Estes, Whipple and Harmon, (except the five
'dwelling houses above mentioned,) for the term of four
'years from the first day of September, A. D. 1837, for six
'hundred dollars *per annum*, to be paid annually, and at the
'end of said four years, for eight years more for seven hun-
'dred dollars *per annum*, paid annually, to be paid jointly by
'said company, which is Truman Estes, Heman Whipple
"and Brownson Harmon, who are to be joint and equal
'owners in machinery, fixtures, &c., and equal sharers in the
'profits and losses of all company business, which is to be
'manufacturing cotton goods, building machinery and any
'other business thought best for the company's interest, that
'shall not be more hazardous or injurious to the property
'rented of Truman Estes, the rented property to be carefully
'and properly used, and kept in good repair by said compa-
'ny and returned to said Estes in as good repair as when
'they take it, except the natural wear.   And the said Truman
'Estes does hereby rent and lease unto the said Estes, Whipple
'and Harmon, agreeably to the conditions of this agreement, as
'before written, all the real estate, privileges and appurtenances
'thereunto belonging, being the same as before described,'——
as by the said articles of agreement, relation thereto being
had, will, amongst other things, more fully and at large ap-
pear ; by virtue of which said articles of agreement, the said
Harmon and Whipple, after the making thereof, to wit, on the
said first day of September, 1837, aforesaid, to wit, at Ben-
nington aforesaid, entered into all and singular the said pre-
mises thereby demised and leased, with the appurtenances,
and became and was, and still is, possessed thereof.   And the
said Truman further saith that the said Harmon and Whip-
ple have not performed and fulfilled any thing in the said ar-
ticles of agreement contained, on their part to be performed
and fulfilled, and he, the said Truman, in fact, saith that four
hundred dollars of the aforesaid rent are now due from the
said Harmon and Whipple, to him the said Estes, being
the rent due him for the term of one year, ending the first
day of September, A. D. 1838, contrary to the form and ef-
fect of the said articles of agreement and the covenant of
them, the said Harmon and Whipple, in that behalf made as
aforesaid," averring notice and a demand of payment.

The defendants demurred,generally, to the declaration, and the plaintiff joined in demurrer.

The county court decided that the declaration was sufficient, and rendered a judgment for the plaintiff, from which decision and judgment the defendants appealed to this court.

*J. S. Robinson*, for defendants.

1. By the co-partnership agreement, the plaintiff agreed to build additional buildings and repair the factory. What he has agreed to do is necessary to the profitable enjoyment of the property, and is a condition precedent to his right to recover the rent. There being no averment in the declaration of the performance of this condition, or excuse for the non-performance, it is fatal on demurrer. 1 Chitty Pl. 318. Saun. 352, n. 3.

2. The liability of the defendants for the rent, grows out of a co-partnership transaction, and, at law, one partner cannot sue his co-partners in an action in form *ex contractu*. 1 Chitty Pl. 26.  1 Swift's Dig. 352.  14 Johns. 318.

3. The covenant declared upon is. the joint covenant of the plaintiff and defendants; the omission of a party who ought to be made a co-defendant, if it appear on the face of the declaration that he is still living, and is jointly liable, is fatal on demurrer.  1 Chitty Pl. 31.

4. It is well settled, that, upon this covenant, the plaintiff cannot, at law, maintain any action.  *Mainwaring* v. *Newman* ,2 B.& P. 120. *Moffit* v. *Van Millingen*, 2 B. & P. 124, note c.

*D. Robinson, Jr.*, for plaintiff.

1. It is contended that the covenants contained in the deed between the plaintiff, on the one part, and defendants, on the other, are mutual and independent.  Swift's Dig. 193, 197.

2. It was the evident intention of the parties that the contract for the rent should be separate from, and independent of, the partnership business.

3. A contract may be declared on according to its legal effect.  *Arlington* v. *Hinds*, Chip. 431.

The opinion of the court was delivered by

COLLAMER, J.—This declaration in covenant, is, in substance, to this amount ; that the plaintiff and defendants en-

BENNINGTON, tered into an agreement, under seal, " which is.in the words
February, following, to wit," and then sets out the writing, wherein the
1840.
plaintiff lets to the plaintiff and defendants, certain premi-
Estes · ses for a rent of $600 *per annum*, to be paid by the co-
*v.* partners, jointly, of which co-partnership, the plaintiff and
Whipple *et al.* defendants are the members, who are to carry on manufac-
turing business, and share equally in the loss and gain. The
declaration says, that all this will more fully and at large ap-
pear by reference to the writing. This declaration is bad.
The writing should have been declared on according to its
legal effect and not by setting out its words; and it cannot
be referred to and so made a part of the declaration, as is done
in chancery. The contract is by the plaintiff with a co-
partnership, of which he is a member, and, on this, he can
sustain no action, at law.

The legal obligation is on the members of the firm, jointly,
including the plaintiff.

Judgment—that the declaration is insufficient.