# CHRISTOPHER H. JOHNSON
## *v.*
# CHARLES W. WILSON.

1. ACTION AT LAW—*by one partner against another.* One partner can not maintain an action at law against his co-partner for a misappropriation of the partnership funds.

2. An action at law will not lie by one partner against the other for the correction of mistakes made in their settlement on a dissolution of the firm.

3. Neither can one partner enforce payment in an action at law against his co-partner for the share of rent due the former by the firm, for the use of a building owned by him.

4. DEFENSE AT LAW—*as between partners.* So where in an action on a promissory note given by one partner to his co-partner on the settlement of their partnership affairs, the defendant offered to prove, under a plea of set off, that a mistake was made in the settlement, and that the plaintiff's share of the rent due the defendant by the firm for the use of a store owned by him, was accidentally omitted from the settlement, it was *held*, unless there was an adjustment of these items and a promise by the plaintiff to pay, they constituted no defense at law.

5. SET OFF—*failure of consideration.* Even if they could, in any manner, be used as a defense to the action on the note, they were admissible only as showing a failure of consideration and not as a set off.

6. FAILURE OF CONSIDERATION—*how availed of.* And that defense can be made only under a plea of failure of consideration, total or partial, as the case may be.

APPEAL from the Circuit Court of Knox county ; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Messrs. HANNAMAN, KRETZINGER & HANNAMAN, for the appellant.

Mr. P. H. SANFORD, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action of assumpsit, brought in the Knox circuit court, by appellee against appellant, to recover upon a promissory note made by appellant, bearing date Feb. 5, 1868, whereby, twelve months after date, for value received, he promised to pay appellee, or order, $850, without interest till after the first of September, 1868, and after that, interest at eight per cent.

Appellant filed the general issue, and a plea of set off for work and labor, for materials and other necessary things found and provided, used and applied in and about said work and labor for plaintiff, for goods, wares and merchandise sold and delivered, for money had and received and due and owing by plaintiff, and money due upon account stated; to which appellee filed replication and issue was joined.

Appellant filed his affidavit, and moved for a continuance of the cause, which was refused by the court, exception taken, and which ruling is assigned for error.

Upon the trial, appellant offered himself as witness, and testified in substance: That the note given in evidence by the plaintiff, was given on a settlement of their partnership accounts in the grocery business, at the time of dissolution, for plaintiff's half interest in the store, and his interest in every thing in the business; that they were in partnership in the grocery business; did not get along very well together; agreed to dissolve partnership by appellant buying him out; that he gave appellee this note for his interest in the partnership; that he supposed it was correct, but after it was given was informed it was not; saw plaintiff an hour or two after the note was given, and after he had been informed by Mr. Clark, told Wilson of the mistake, who said he would look over the accounts, and if there was any mistake he would rectify it; but that he left on the next train; that appellee was to pay at the rate of $300 a year, as rent for the store; appellant owned the store;

the rent was never paid or settled; that they were equal part-
ners, and the firm was to pay him at the rate of $300 per annum
for rent of building, and was charged accordingly.

Appellant's counsel then asked, who was bookkeeper of the
firm, who made the statement upon which he purchased plain-
tiff's interest from the firm books, and what was the amount
of mistake which plaintiff made in such statement to him?
This was objected to by appellee's counsel as not pertinent to
the issue, and the objection was sustained by the court. Appel-
lant then offered to prove, by his own testimony, that, while
they were in partnership, appellee kept the books of the firm,
made the statement from the books which he had kept upon
which the settlement was made, the partnership dissolved and
the note given; that after the note was given, one Clark
informed appellant that he (Clark) and appellee had examined
the books of the firm, and found a mistake of $172, and that
on the settlement, the rent of the store was left out by mistake.
This offer was objected to by appellee's counsel, excluded by the
court and exceptions taken.

The affidavit for continuance set forth, substantially, the
same facts and line of defense as offered on the trial, except, in
addition to those offered at the trial, the affidavit states that appel-
lant expected to prove that appellee took divers sums of money
from the drawer, which were not accounted for; that he was
charged with having done so, and did not deny it. The ques-
tion, therefore, is, whether a court of law should take cognizance
of such matters, viz.: misappropriation of moneys by one part-
ner, the correction of mistakes in their settlement, and the
enforcement of payment, by appellee, of his share of rent,
which both parties, as a firm, owed to appellant, the owner of
the building used for a store? It is not shown, nor was it
offered to be shown, that there was an adjustment of these
items, and a promise by appellee to pay. But on the contrary,
when he was informed of the mistake, he said he would look
over the account, and if there was any mistake he would rec-
tify it; and he left on the next train.

How could appellant maintain an action at law against his co-partner, to recover the rent of a store which he owned and furnished for the use of the firm? One partner can not, at law, maintain a suit against his co-partners, to recover the amount of money he has paid for the partnership, since he can not sue them without suing himself, also, as one of the partnership. 1 Story Eq. Jur. 681.

There is no difference between money paid for the partnership, and a building furnished for it at a given rental, to be paid by the firm. Besides, if the matters in question could, in any manner, be used as a defense to the action on the note, they were admissible only as showing a failure of consideration, and not as a set off. But that defense can be given only under a plea of failure, total or partial, as the case may be. This has been again and again decided by this court. A plea in bar, however, to an action upon a promissory note, which seeks to open partnership accounts for the purpose of showing that there was a mistake in the note, and that its consideration had failed, would be bad on demurrer, on the ground that a court of equity has exclusive jurisdiction of such matters. *Rogers* v. *Rogers*, 1 Hall R. 394; *Funk* v. *Ryan*, 3 Scam. 322.

The errors assigned not being sustainable, the judgment of the court below is affirmed.

*Judgment affirmed.*