### ANDERSON *et al. v.* HAMILTON.

*(Common Pleas of New York City and County, General Term.* February 10, 1890.)

LANDLORD AND TENANT—GENERAL ASSIGNMENT BY TENANT—LIABILITY OF ASSIGNEE.
> Where a lease required the rent to be paid monthly, in advance, and the lessee executed a general assignment January 5th, and the assignee qualified January 15th, and occupied the premises, the January rent, being payable in advance, was a valid charge against the lessee, but not against his assignee.

Appeal from city court, general term.

An action for rent brought by Edward F. Anderson, George F. Bassett, and Ira M. Conant, executors and trustees of the late George W. Bassett, against William G. Hamilton, as assignee for benefit of creditors of Yukuro Niwa, doing business as Nippon Mercantile Company. Judgment for defendant. Plaintiffs appeal.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*G. S. P. Stillman,* for appellants. *George S. Coleman,* for respondent.

LARREMORE, C. J. Defendant's assignor was lessee of premises 47 Barclay street, from plaintiffs, under a written lease requiring payment of rent in monthly installments, in advance. The assignment was made on January 5, 1889, and defendant qualified as assignee January 15th. No rent has been paid for the month of January, 1889, which fell due January 1st. The present action is brought to compel defendant to pay such rent for January, or at least from January 5th, when the assignment was made. It appears that defendant occupied the premises during January, and used them in carrying on the business of his trust. The assignment under its general clauses transferred and set over the lease of the premises to the assignee as an asset. The assignee therefore became vested with the lease, entitled to its privileges, and liable on its covenants. There was no covenant requiring him to pay rent for January. The January rent became due on January 1st, while the assignor was still the lessee. Consequently the assignor became liable for the January rent, and the amount of it is provable as a claim against the assigned estate. The fatal difficulty of plaintiff's attempt to make the assignee pay, for use and occupation during January, at the rate of the rent reserved in the lease, is that such claim for use and occupation is inconsistent with the continued existence of the lease. The lease, together with the possession, passed to the assignee, and his possession continued under the lease. Of course plaintiff had the option of annulling the lease at any time by dispossessory proceedings; but as these were not instituted, and the lease was not canceled or surrendered, the same remained alive and operative during January, and the rights and duties of all parties are prescribed by it. Substantially the above view has been taken by very respectable authorities. *Pibzemayer* v. *Walsh,* 2 City Ct. R. 244; Bish. Insolv. § 330. It seems to me, also, that the practical result reached by the above reasoning, from abstract legal principles, is just, and in accord with common sense. There is no good reason why the landlord's claim for the month's rent should always be made a preferred one, which would be the real effect accomplished by holding the assignee personally liable. There is no hardship in compelling the lessor to come in with the other contract creditors as to any rent due when the assignment is made. As for rent subsequently to accrue, the summary process of ejectment enables the owner either to bring the assignee to his terms, or to promptly repossess himself of his premises.

The judgment appealed from should be affirmed, with costs.