## HASBROUCK v. STOKES et al.

(*Common Pleas of New York City and County, Special Term.*   February, 1891.)

LANDLORD AND TENANT—ASSIGNMENT OF LEASE—RECOVERY OF POSSESSION.

Where a voluntary assignee for the benefit of creditors accepts a lease held by the assignor, which has become subject to forfeiture by such assignor's breach of his covenant to pay rent, the lessor may maintain summary dispossessory proceedings against the assignee.

Motion for *interim* injunction restraining prosecution of proceedings in a district court to dispossess.

Plaintiff is general assignee for the benefit of the creditors of the lessee. The assignee elected to accept the lease, and is in possession of the demised premises.   For the rent accrued during his occupancy, he has tendered payment to the landlord, but it was rejected.   His assignor, the lessee, being in default for rent due before the assignment, the landlord commenced a summary proceeding against the lessee and the assignee; and thereupon the assignee instituted this action to enjoin that proceeding.

*Havens & Beebe*, for plaintiff.   *Butler, Stillman & Hubbard*, for defendants.

PRYOR, J.   Notwithstanding the elaborate briefs of counsel, and the absence of authority on the point, I think the question thus presented is susceptible of easy solution by the application of familiar principles.   Indisputably, the assignor lessee might be dispossessed for non-payment of rent.   But an assignee for the benefit of creditors is merely the representative of the assignor (*In re Lewis*, 81 N. Y. 421;) and "the position of a voluntary assignee for the benefit of creditors is no better than that of his assignor," (*Coates* v. *Bank*, 91 N. Y. 20–26; *McMurray* v. *Hutcheson*, 10 Daly, 64, 65.)   It is said, however, that the assignee, not being liable for the rent, cannot be dispossessed for the default of his assignor.   But, the inference is a *non sequitur*. By express provision of the Code (section 2231) an under-tenant may be summarily removed; and yet an under-tenant is not liable for rent to the landlord.

By virtue of the statute, if not by express provision in the lease, it was a condition of the original demise that a breach of the covenant for rent should expose the term to forfeiture at the option of the landlord. If for default in payment of rent, the assignee may not be dispossessed, then he is in a better position than his assignor; and, furthermore, he holds by a tenure to which the lessor has never assented. The assignee was under no obligation to accept the lease, but, having accepted it, he takes it *cum onere, i. e.,* with liability to forfeiture for arrears of rent. True, that since his liability for rent is only because of privity of estate, that liability is only for payment of rent accruing while his estate subsists; but it does not follow that the landlord may not recover the land of him for condition broken by his assignor, in whose shoes he stands. The distinction drawn by counsel as to the point in discussion, between an ordinary assignment and an assignment for the benefit of creditors, is untenable. WOODRUFF, J., in *Lewis* v. *Burr,* 8 Bosw. 147. Upon default in payment of rent, the statute plainly gives the landlord a right to reclaim his land from the lessee, or whoever holds under him. Indeed, the words of the statute are, "the lessee or his assigns," and "assigns" is the equivalent of "assignees." Bouv. Law Dict. adverb "Assigns." In the case mainly relied on by plaintiff (*Anderson* v. *Hamilton,* 8 N. Y. Supp. 858) this court, at general term, while denying the liability of the assignee, postulates the right of a lessor to dispossess an assignee for rent due before the assignment, saying: "Of course, the plaintiff [lessor] had the option of annulling the lease at any time by dispossessory proceedings." Injunction denied, with costs.