(4 Misc. Rep. 201.)

FOSTER et al. v. OLDHAM.

(Common Pleas of New York City and County, General Term. June 19, 1893.)

APPEAL—HARMLESS ERROR.

In an action against an assignee for the benefit of creditors to recover rent of premises leased to the assignor, and afterwards occupied by the assignee, error cannot be predicated on the admission of testimony that such assignee promised to pay the rent, since, having occupied the leased premises, he would be liable for rent independently of such promise.

Appeal from seventh district court.

Action by Meyer Foster and others against Edmund T. Oldham. From a judgment in plaintiff's favor, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Wilbur Oldham, for appellant.

Charles R. Putzel, for respondents.

PER CURIAM. The action was brought to recover of the appellant, as assignee of Pearce & Co., four months' rent of certain premises claimed to have been occupied by him as assignee, etc. The appellant contends that the justice below erroneously admitted the testimony of certain witnesses tending to prove a promise by the defendant to pay the rent of the premises occupied by him, and that the justice at the close of the case erroneously refused to dismiss the complaint. There was no error in admitting defendant's promise to pay. Under the general assignment, the lease as well as the other property of the assignors was conveyed to him. It is true he was not bound to ratify the lease, but if he occupied the premises he was bound to pay rent for them, even without a promise, and therefore the evidence objected to could not have injured the appellant. As a rule, the assignee of a lease is not liable for the rent of the demised premises, except for the time he occupied them. 2 Platt, Leas. 416; Tayl. Landl. & Ten. § 444. This is as true of an assignee under an assignment as of an assignee of a lease. Litchfield v. White, 7 N. Y. 438; Journeay v. Brackley, 1 Hilt. 447; Stern v. Sewing Mach. Co., 53 How. Pr. 478; Anderson v. Hamilton, (Com. Pl. N. Y.) 8 N. Y. Supp. 858. But he is liable for the time he actually occupied the premises. It is true that in such case it may be that he is not liable under the lease, but on a quantum meruit. It will, however, be assumed that the rate agreed to be paid by the assignors to the landlord was a reasonable rent. There being a conflict as to whether the appellant was in actual possession, it was a question of fact for the court below to determine, and we think, from all the evidence, it properly decided that question of fact in favor of the respondents.

The judgment should therefore be affirmed, with costs.