(9 Misc. Rep. 122.)

SMITH v. WAGNER.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

ASSIGNMENT FOR BENEFIT OF CREDITORS — LIABILITY OF ASSIGNEE FOR RENT.
    Where the assignee takes possession of and occupies premises leased to the assignor he is liable as for use and occupation. 27 N. Y. Supp. 423, affirmed.

Appeal from city court, general term.

Action by Harlan P. Smith against Peter Wagner for rent. From a judgment of the city court (27 N. Y. Supp. 423) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

William Allan, for appellant.

S. V. R. Cooper, for respondent.

BOOKSTAVER, J. This action was brought to recover $150 for the rent of the premises 874 Eighth avenue for the months of March and April, 1892. The answer denies certain allegations of the complaint on information and belief, and admits that defendant occupied the premises for the month of November, 1891, and paid the rent therefor. It also admits he occupied the premises for the month of April, 1892, at the rent of $75 per month, which the defendant was willing to pay plaintiff. On the trial it appeared that the premises had been leased by the plaintiff to the firm of Chatfield Bros., which lease expired on the 1st May, 1892, at the rate of $75 per month, payable in advance. Chatfield Bros. had occupied the premises from May 1, 1891, to October, 1891, and paid the rent to the 1st of the following month. In the month of October, 1891, that firm made a general assignment of its property for the benefit of its creditors to the defendant, Wagner, who accepted the trust, and entered upon the discharge of his duties. As such assignee he took possession of the premises in question and of the assigned goods, put a man in possession of the premises, and, as the jury has found, on what we

think sufficient evidence, remained in possession during the month of March and until the 18th of April, 1892, selling the remainder of the goods on hand on the premises in the latter month. It also appeared that the rent of the premises for November, 1891, and January and February, 1892, was paid by a member of the firm of Chatfield Bros., under an agreement between him and the defendant, of which the plaintiff knew nothing. The court correctly charged the jury that their decision turned upon the question as to whether or not the defendant, as assignee or otherwise, was in the actual use and occupation of the premises during March or April; that, if they found that he was, then the verdict should be for the plaintiff; if he was not, then still their verdict should be for the plaintiff for the rent, or for the value of the use and occupation, for the month of April, inasmuch as that was admitted by the answer. The determination of the jury on this question on conflicting evidence is conclusive upon us. The general assignment from Chatfield Bros. to the defendant carried their interest in the lease of the plaintiff to him. Powers v. Carpenter, 15 N. Y. Wkly. Dig. 155; Weil v. McDonald, 21 N. Y. Wkly. Dig. 440. Where a lessee assigns his whole estate without reserving any reversion therein to himself, a privity of estate is at once created between his assignee and the original lessor, and the latter has a right of action directly against the assignee for rent. Stewart v. Railroad Co., 102 N. Y. 601, 607, 8 N. E. 200. But an assignee for the benefit of creditors has an election whether or not to accept a lease so assigned, without affecting his right to the other assigned property. If he elects to accept the interest of the assignor by entering into possession, or by doing any other act which is equivalent to signifying his acceptance of the term as assignee of the lease, he will become the tenant of the premises, and render himself liable for rent. Jermain v. Pattison, 46 Barb. 9–12; Journeay v. Brackley, 1 Hilt. 457; Myers v. Hunt, 8 N. Y. St. Rep. 338. As a rule, the assignee of a lease is not liable for rent of the demised premises except for the time he occupies them. Platt, Leas. 416; Tayl. Landl. & Ten. § 44. This is as true of an assignee under an assignment as of an assignee under a lease. Litchfield v. White, 7 N. Y. 438; Journeay v. Brackley, supra; Stern v. Machine Co., 53 How. Pr. 478; Anderson v. Hamilton (Com. Pl. N. Y.) 8 N. Y. Supp. 858; Foster v. Oldham, 4 Misc. Rep. 201, 23 N. Y. Supp. 1024. But he is liable as for use and occupation during the time he actually occupies the premises, and the jury have found by their verdict, under proper instructions from the court, that the defendant did so occupy them during the two months in question. It is true that in such case the assignee may not be liable under the lease, but on a quantum meruit; and that was the theory on which this case was tried. The plaintiff proved the value of such use and occupation to be $75 per month. Whether the assignee accepted the lease, therefore, or did not, he, as representing the assigned estate, was liable for the time he actually occupied the premises; and, as the plaintiff can have but one payment for the rent for these months, the defendant's contention in this respect must fail.

Nor is it material whether or not the relation of landlord and tenant existed between the plaintiff and defendant. It is sufficient to sustain the recovery that he, as assignee, was in actual possession of the premises, as found by the jury.

Defendant also contends he ought not to be bound by the admis-·sions of his answer as to the rent due for the month of April, inasmuch as the landlord did not have any right to give the defendant the use and occupation of the premises; and moved to amend his answer in that respect. But the court very properly refused to allow such amendment, as there was no evidence in the case to warrant it. As before shown, the general assignment of all their property carried with it the lease in question, and gave to the defendant the right to accept the same or not, as he saw fit.

During the progress of the trial certain evidence was given as to an arrangement between one of the firm of Chatfield Bros. and the assignee of the firm. This, in due time, plaintiff moved to strike out, and the motion was granted, to which defendant excepted. Inasmuch as the action, on defendant's own motion, was for use and occupation, and not under the lease itself, it was wholly immaterial to the issue what, if any, arrangements had been made between Chatfield Bros. and their assignee. So, too, it was immaterial what, if any, rent one Eisert paid for the use of a certain portion of the premises, inasmuch as there was no pretense that it was paid to the plaintiff, or to any one representing him, or on account of the rent for which the defendant was liable. Nor was it material to the issue actually tried whether or not this Eisert remained in possession of a portion of the premises if the assignee was in actual occupation and control of them; and it was immaterial as to how or in what form the Chatfields took receipts for the rent, provided the defendant, as assignee, was in actual possession. Nor was it material to the issue to show that the Chatfields; or one of them, carried on business in a portion of the premises, or had no place elsewhere, or that he had any property of his own on the premises, or whether he (Chatfield) personally paid the rent to the plaintiff out of his own pocket for the months of January and February preceding; and, inasmuch as the Chatfields by the general assignment had conveyed their interest in the premises to Wagner, it was immaterial whether the latter concluded to accept that or not, and any conversation had with the plaintiff on that point was immaterial.

The court charged the jury, "It was entirely immaterial how Wagner occupied the premises." To this defendant excepted; the judge having in his charge clearly defined what the real issue was as before stated. The only question the jury had to decide was whether or not the defendant, as assignee, was in actual possession. Whether he claimed to be in possession under the lease or as assignee was immaterial. All the other exceptions come under one or the other of the questions heretofore considered, and fell with defendant's contention. The judgment must therefore be affirmed, with costs. All concur.