(13 Misc. Rep. 63.)

### BAILEY v. CROWELL.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

SUMMARY PROCEEDINGS—ASSIGNEE OF LEASE.

    The assignee of a lease made by the assignor to a firm of which he was a member cannot maintain summary proceedings against the receiver of the firm.

Appeal from First district court.

Summary proceedings by Samuel L. Bailey against Ellen A. Crowell, as temporary receiver, to recover possession of premises

for nonpayment of rent.    From a final order in favor of defendant, plaintiff appeals.    Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Henry Thompson, for appellant.
William S. Lewis, for respondent.

BISCHOFF, J.    This proceeding was instituted by the plaintiff to recover possession of certain premises occupied by defendant as temporary receiver of the assets of the copartnership of Gano & Crowell.    The building of which the premises in suit forms a part was held by Gano under a lease from the owners, Becar and others, which lease had been assigned by Gano to the plaintiff some time prior to the date when the rent, the nonpayment of which is the cause of this proceeding, accrued.    The firm of Gano & Crowell originally took possession by the terms of the partnership agreement, which, so far as is material to the controversy, provided as follows:

"It is hereby mutually agreed on the 15th day of May, 1894, between the said J. M. Gano and Mrs. F. A. Crowell, that the said Gano will furnish the funds necessary to the equipment and furnishing for the said restaurant, and also furnish the store at a rent agreed on between the partnership and said Gano, at the annual rental of nine thousand dollars ($9,000), payable monthly."

Upon the date of the assignment of the Becar lease to plaintiff by Gano the latter also assigned to him his interest in the above provision of the partnership articles in the following form, indorsed upon the agreement:

"For a valuable consideration, I, James M. Gano, do hereby sell, assign, transfer, and set over to Samuel L. Bailey, of the city of Brooklyn, all my right, title, claim, and interest in and to within lease."

It is under this assignment that plaintiff claims possession of the store occupied by the firm, for the nonpayment of rent thereafter falling due.    Certain questions as to the existence of a parol agreement between Gano and Crowell, whereby payment of rent was to be deferred until the business realized sufficient profits, as to the right of plaintiff to institute this proceeding against the defendant as receiver, and as to whether the agreement above quoted was actually a lease or merely an agreement for a lease, were raised upon the argument, but, in our view, the controversy is to be determined upon another ground, which, assuming the force of the contentions to be with the appellant, supports the decision below in favor of the defendant.    By the terms of the assignment, and upon familiar principles of law, Bailey held no better position, as against the copartnership, with regard to the premises, than did Gano, his assignor, under the partnership agreement; and this proceeding is founded upon the latter's right as thus assigned.    In the case of a lease assigned by the lessor the conventional relation of landlord and tenant may be created as between the assignee and the lessee by the force of the assignment (Birdsall v. Phillips, 17 Wend. 464), and perhaps as between the lessor or his assignee and a receiver, the representative of the lessee (Hasbrouck v. Stokes [Com. Pl. N. Y.] 13

N. Y. Supp. 333); but, assuming this agreement to have constituted a lease, the partnership, as tenant, or the defendant, as its legal representative, could not be held liable for rent, or be proceeded against for recovery of the premises, at the instance of Gano, one of the partners, in an action at law, nor, necessarily, at the instance of Gano's assignee, who claims through him, and holds no better right. Where one partner leases premises to the partnership upon an agreement for rent to be paid by the latter, he cannot maintain an action at law for the recovery of the rent (2 Bates, Partn. 855; 17 Am. & Eng. Enc. Law, p. 1256; Estes v. Whipple, 12 Vt. 373; Johnson v. Wilson, 54 Ill. 419; Pico v. Cuyas, 47 Cal. 174), and the rule applies with equal force to a summary proceeding to recover possession of the premises (Pico v. Cuyas, 47 Cal. 180; 2 Bates, Partn. 855). The reason for the rule is that the rent is but a charge upon the partnership in favor of the landlord partner, who can only recover it upon an accounting, in which event it may be determined what is due to him after deducting the items which may be debited against him in the partnership accounts. Hence an action at law for the rent would involve examination into the accounts, and so, upon well-settled principles, would not be maintainable by the partner. Crater v. Bininger, 45 N. Y. 548, 549; 17 Am. & Eng. Enc. Law, p. 1254, and cases cited. And thus, too, of summary proceedings to obtain possession of the premises for nonpayment of rent, for, the claim being based upon accrued rent, recourse must be had to the accounts to determine whether anything is due upon the charge in question. Bates, Partn. supra. What may be the plaintiff's remedy in a proper action based upon his general lease of the premises, we need not determine, but, as shown, he cannot maintain summary proceedings upon the assigned agreement made by the firm of Gano. Final order affirmed, with costs. All concur.