SIMON P. SAXE *vs.* THE CITY OF BURLINGTON, et al.

January Term 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

*Pleadings—Threats—Fraud and Deceit—Conspiracy—Liability of City for Acts of its Officers—Sham Veto.*

The declaration, although inartificial, is held sufficient being construed to allege, that the defendants, who were the mayor and a street commissioner of a city, acting jointly, prevented the plaintiff from erecting a building upon his lot by falsely pretending that it was illegal for him to erect such a structure, by pretending to issue a veto against it knowing that there was no law or ordinance that forbade the erection, and by threatening the plaintiff with great loss and damage, whereby they made it impossible for him to employ men or procure materials without great and disproportionate expense.

But the declaration does not state a cause of action against the city, although containing an allegation that said threats were made as the joint act of all the officers of the city.

This court does not revise a former decision in the same case.

The .gist of the action is not the conspiracy between the defendants but the damages sustained by the plaintiff. A precise description of the lot was unnecessary.

A writing cannot be made part of the declaration by reference.

CASE. Heard on demurrer to the amended declaration at the March Term, 1897, Chittenden County, *Munson,* J., presiding.

Demurrer sustained. The plaintiff excepted.

The original count alleged that the defendants caused the plaintiff great damage by hindering and preventing him from building a block in the ravine on the north side of Pearl street in the City of Burlington; and then proceeded to aver that, on a day named, the plaintiff purchased of a party named a parcel of land, for three thousand dollars, the deed of which, as recorded at such a volume and page in the clerk's office of said city, was referred to, for·the purpose

29

of building thereon a large block of tenement houses of brick and covered with a metal roof; that he procured material, prepared plans and let contracts for the construction of the block, all at a large expense, relying upon his right to erect it; that the defendants, conspiring and confederating together to cheat, wrong and defraud the plaintiff, on a day named, prevented him from building the block by forbidding him to do so, by threatening to cause him great trouble and expense if he did, by falsely pretending that it was not lawful to build the same, although they knew it to be lawful, and by pretending to issue a veto against its erection knowing the veto to be a sham; whereby the plaintiff was frightened and obliged to stop the work, and suffered great loss and expense in various ways stated.

By his amendment the plaintiff averred that after his purchase of the land, and preparation for construction, as before stated, he was informed by the city clerk, mayor, aldermen and street commissioners, that he must obtain a license before commencing to build; that he did apply for a license and one was granted by the aldermen and approved by the fire wardens, whereupon the defendant Van Patten, at that time mayor, returned the license with his veto thereon, which was acquiesced in by the aldermen; that said Van Patten and the defendant Brown, then one of the street commissioners, with all the other officers of the city, thereupon conspired together to prevent the plaintiff from erecting the building, by threatening him great loss, damage and expense, and making it impossible for him to hire men and procure material except at great loss and damage, so that he was obliged to stop work, or suffer great loss, and found it impossible to erect the building without great and disproportionate expense; that the defendants and other officers at all times knew that there was no provision in the charter, and no law, that required the plaintiff to procure a license; that the plaintiff had suffered damage to the extent of five thousand dollars in thus being prevented from erecting his building.

*G. W. Kennedy* for the plaintiff.

*Cushman & Mower* for the defendants the City of Burlington and Brown.

*A. G. Whittemore* for the defendant Van Patten.

TAFT, J.   This is an action on the case to recover damages as a result of the fraudulent and illegal acts of the defendants in preventing the plaintiff from erecting a block of buildings in the City of Burlington.

The declaration contained one count, and upon demurrer was held insufficient.   The plaintiff obtained leave to amend the declaration, and filed an amendment by adding certain averments to the count as originally drawn.   After the amendment was made the defendants, severally, filed general demurrers, the defendants Brown and the City assigning two special causes.

The first special cause is, that the plaintiff did not insert in the first part of the amendment, between the words "as follows" and the words "the said Simon P. Saxe avers," the words "in a further plea of the case whereupon," or words of like import.   This special cause is assigned under the impression that the amendment is a complete count, instead of which it is simply an addition to the original count.   The pleader states that "by leave of the Court," etc., he "comes and makes an amendment to the declaration," etc., "by adding to the said declaration as follows."   Then follows the new averments.   The words "in a further plea of the case whereupon," etc., to introduce the added averments, are inappropriate and out of place, and are not required. The other special cause assigned is that the description of the land purchased by the plaintiff of one Leonard is insufficient and uncertain.   The plaintiff alleges that he purchased of one Leonard a parcel of land for the purpose of building a block of houses of brick with a metal roof; that he was prevented from building the block in the ravine on the north side of Pearl street in the City of Burlington.   There is in

the declaration a reference to the record of deeds in the City Clerk's office, but this reference does not aid the plaintiff. A writing cannot be referred to and made a part of the declaration. Such a reference adds nothing to the other allegations. *Estes* v. *Whipple*, 12 Vt. 373; *Cooledge* v. *Continental Ins. Co.*, 67 Vt. 14; *Dickerman* v. *Ins. Co.*, 67 Vt. 99. This reference is treated as surplusage. No insufficiency or uncertainty is pointed out in the description. There is no reason why the land should be accurately and specifically described, and none is stated why the description is insufficient and uncertain. The point is not well taken.

The plaintiff's counsel has not in his brief referred us to any case, nor any principle, upon which the defendant city can be held liable in this action. There is no allegation introduced by the amendment in regard to any act of the city in reference to the grievances complained of that adds aught to the averments in the original count and as the liability of the defendant city was passed upon by the court in sustaining the demurrer to the original declaration that point cannot again be questioned for this court will not reverse nor revise a former decision in the same case. Therefore the judgment sustaining the demurrer of the defendant city, etc., is affirmed.

In regard to the defendants, Van Patten and Brown, the plaintiff alleges that he purchased land of one Leonard for the purpose of erecting buildings thereon, had prepared building materials and plans and was about to commence work thereon, and applied for a license, which was granted him by the aldermen, but that the defendant Van Patten vetoed the license and refused to allow the building to be erected. He alleges in the count that the defendant Brown, one of the street commissioners, and the defendant Van Patten, then mayor, conspired together to prevent the plaintiff from erecting the building, by threatening him great loss and damage and great expense, making it impossible for him to hire men and procure materials to erect the building, except

with great loss and damage, whereby the plaintiff found it impossible to erect the building without great and disproportionate expense, and that all this was caused by the action and doing of the defendants, when the two defendants, Van Patten and Brown, knew there was no provision in the city charter, nor any other law, that required a license.

The gist of this action is not the conspiracy between the defendants. The action can be maintained against one as well as against two or more, and if any recovery can be had it is because the defendants deceived and threatened the plaintiff, and in consequence of such deceit and threats he suffered damage. This principle is laid down by Comyn, one of the most accurate of legal writers, recognized in the elementary books, by the best judges, and is consonant with the soundest maxims of justice and morality. The gist of the civil action for damages is the actual damages sustained by the plaintiff, and not the conspiracy nor confederacy.

The question is whether fraud and deceit are charged in the declaration in respect to the two defendants, Brown and Van Patten. To recover against them their action must have been joint. The allegation is that Van Patten vetoed the license and that Van Patten and Brown conspired together in preventing the plaintiff from erecting the buildings, by threatening him with great loss, damage and expense, so that it was impossible for him to hire men and procure materials except at a great loss and damage, and this in consequence of the conspiracy of the two defendants; that they well knew there was no provision of law that required the owner of land to procure a license to build a brick building with a metal roof, such a building as the plaintiff proposed to build.

The main question is, whether the acts alleged in the latter part of the amendment, in connection with the original declaration, give the plaintiff a right of action against the defendants. An important fact which is added

by the amendment is, that the defendants conspired together to prevent the plaintiff from erecting the building aforesaid by threatening him with great loss, damage and expense, and thereby making it impossible for him to hire men and procure materials to erect said building except at great loss and damage; that in consequence of such threats he suffered great loss by being obliged to stop his work upon said building, and that this was in consequence of the conspiracy of the defendants to hinder and impede his work of building, when they well knew that it was lawful for the plaintiff to build a brick building with metal roof without license, and that if the defendants had not conspired and threatened, as stated, he would have builded said block at a large profit to himself.

We hold that it was illegal for the defendants to conspire together and prevent the erection of the building by means of threats, and threatening the plaintiff with great loss, damage and expense in case he erected the building so that it was impossible for him to hire men and procure materials except at a great loss and damage.

This count although inartificially drawn we think sufficiently alleges the facts that the defendants falsely pretended that it was not lawful to build the block of brick with a metal roof upon the plaintiff's land, and pretending to issue a veto against it when the defendants well knew that there was no legal objection to the plaintiff's so doing; and that the defendants prevented the erection of the building by threatening the plaintiff with great loss, damage and expense and so rendering it impossible for him to hire men and procure materials for the same except at great and disproportionate expense.

> *Judgment in favor of the City of Burlington affirmed; judgment in favor of the defendants Van Patten and Brown reversed; demurrer overruled; amended declaration adjudged sufficient, and cause remanded.*