Carterville Mining Company, Plaintiff in Error, v. Harold Eldridge, trading as Eldridge Coal Company, Defendant in Error.

Gen. No. 21,468.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed June 1, 1916.

## Statement of the Case.

Action by Carterville Mining Company, a corporation, plaintiff, against Harold Eldridge, trading as Eldridge Coal Company, defendant, to recover balance due for goods sold and delivered to the defendant. To reverse a judgment for defendant, plaintiff prosecutes a writ of error.

The plaintiff declared on the common counts. Defendant pleaded a set-off, claiming damages for an alleged breach of contract by plaintiff to furnish defendant coal in accordance with said contract, providing: (1) Plaintiff shall load and ship to defendant, and defendant shall accept one car of a specific quality of coal per day, for delivery from date to April 1, 1906, at $1.10 per ton, f. o. b. cars, Carterville, Ill.; (2) payments to be made on the 15th of the month for all coal shipped the preceding month, coal to be shipped promptly except in cases of labor troubles, shortage of cars, or any causes beyond plaintiff's control.

The testimony disclosed that neither party repudiated the contract and both were in default almost during the entire life thereof. Plaintiff in no month furnished the quantity of coal called for, and defendant at no time paid for the coal it received when the payment was due. In making payments defendant was in default twenty-four days for December deliveries and eighteen to twenty-seven days for January

deliveries, and never paid for either the February or March deliveries, the contract price for which was $376.48 and $563.75, respectively, aggregating $940.23, the amount plaintiff sued for.

While defendant requested further shipments his correspondence during the life of the contract recognized his obligation and purposed to pay the balance due for deliveries made. In his last letter before the contract expired, under date of March 13th, he promised to pay the "balance due on February shipments," and gave no intimation of any claim for damages until after the expiration of the contract when called on to pay the balance of the account.

The principal question at issue was whether defendant was entitled to a set-off, it not being disputed that subject thereto plaintiff was entitled to an unpaid balance of $940.23 for coal delivered under said contract. Defendant was allowed his set-off to the amount of $547.27, in excess of said balance, for which there was a verdict and judgment.

POPE, HOIG & FULLER, for plaintiff in error.

JACOB E. DITTUS, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. SET-OFF AND RECOUPMENT, § 40*—*what defendant must show under plea of set-off.* A set-off being a counterclaim, as to which the defendant is plaintiff, he must establish his right as upon a distinct action, and, if for a breach of contract, must show he is not himself in default as to the agreement.

2. SALES, § 389*—*when purchaser may not set off damages for seller's failure to make deliveries as agreed.* A purchaser, sued for the balance of purchase price due for goods sold and delivered under a contract calling for deliveries and payments in instalments, cannot, where he is in default in making payments, set off damages for the seller's failure to make deliveries as agreed if he did not offer to do so at the time of accepting the deliveries.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.