## Anton Albrecht, Plaintiff in Error, v. C. F. Dillon, Defendant in Error.

### Gen. No. 27,050.

1. SET-OFF AND RECOUPMENT—*how notice of set-off to be regarded.* A notice of set-off is to be regarded as a plea, and fills the same office in pleading, except that it requires no replication.

2. SET-OFF AND RECOUPMENT—*account or bill of particulars accompanying notice of set-off as part of record.* The account or bill of particulars accompanying the notice of set-off should be treated as a part of the record.

3. SET-OFF AND RECOUPMENT—*what is nature of notice of set-off.* The notice of set-off, like the plea of set-off, is in the nature of a cross action by the defendant against the plaintiff.

4. SET-OFF AND RECOUPMENT—*what essential to notice of set-off.*

A notice of set-off, like a declaration, must state the nature of defendant's claim so that the matters thereof can be fairly understood and litigated.

5.  SET-OFF AND RECOUPMENT—*what defendant pleading set-off for breach of contract must show.* A set-off being a counterclaim, as to which the defendant is plaintiff, he must establish his right as upon a distinct action, and, if for a breach of contract, must show he is not himself in default as to the agreement.

6.  PARTNERSHIP—*when partner cannot maintain action at law against copartner.* One partner cannot maintain an action at law against his copartner either in an original suit or by way of set-off, upon any transaction relating to the partnership business, unless and until there has been a final accounting and settlement of all partnership matters, a balance struck and a promise made to pay such balance.

7.  SET-OFF AND RECOUPMENT—*when claim not available as set-off.* The defendant cannot assert by way of set-off against the plaintiff a claim for which he could not bring an independent action at law.

8.  PARTNERSHIP—*when judgment for partner on set-off in action by copartner reversed.* A judgment for defendant on his set-off was reversed where plaintiff sued upon a note and the set-off was for defendant's share and interest in a partnership business conducted by defendant and plaintiff, and the notice of set-off failed to set forth either the beginning, duration or end of the partnership, nor that the partnership was settled, a balance struck and a promise made by plaintiff to pay such balance.

Error to the Circuit Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed April 3, 1922.

LYMAN M. PAINE and CHARLES H. MILLER, for plaintiff in error.

PETER J. HOWER, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought an action in assumpsit on a promissory note for $398.75, executed by defendant to the order of plaintiff.

Defendant filed the general issue and also notice of set-off, claiming $862.50 "for the defendant's share

and interest in the copartnership business operated and conducted by the defendant and plaintiff for their mutual interest,'' defendant receiving 50 per cent of the profits and plaintiff 50 per cent. Upon trial by a jury, plaintiff not being present, verdict was rendered for defendant on his set-off for $697.32. Judgment was entered thereon, which plaintiff asks this court to reverse.

Plaintiff argues that this notice does not disclose a legal claim against plaintiff, and that such an interest in a copartnership cannot be set off by one partner against another in such a suit at law. We are of the opinion that both points are well taken.

''The notice of set-off is to be regarded as a plea, and fills the same office in pleading, except that it requires no replication; and the account, or bill of particulars, accompanying the same, should be treated as a part of the record.'' *Miller v. Miller,* 16 Ill. 296, 298.

''This notice, like the plea of set-off, is in the nature of a cross action by the defendant against the plaintiff, and, like a declaration, must state the nature of defendant's claim so that the matters thereof can be fully understood and fairly litigated.'' *Patterson v. Steele,* 36 Ill. 272, 274.

''A set-off being a counterclaim, as to which the defendant is plaintiff, he must establish his right upon a distinct action, and, if for a breach of contract, must show he is not himself in default as to the agreement.'' *Carterville Min. Co. v. Eldridge,* 199 Ill. App. 534, 535.

Even if the form of the present notice of set-off be sufficiently clear in some respects, yet in substance it attempts to set off a claim which cannot be set off in this suit. One partner cannot maintain an action at law against his copartner either in an original suit or by way of set-off upon any transaction relating to the partnership business unless and until there has been a final accounting and settlement of all the part-

nership matters, a balance struck and a promise made to pay such balance. *George v. Pfeil,* 158 Ill. App. 261, and cases there cited. This was restated and followed in *Commons v. Snow,* 194 Ill. App. 569, where the court said:

"The decided weight of authority is to the effect and purport that there must be not only a final settlement and balance struck, but an express promise to pay, before an action can be maintained."

In *Johnson v. Wilson,* 54 Ill. 419, it was held that:

"One partner cannot, at law, maintain a suit against his copartners to recover the amount of money he has paid for the partnership, since he cannot sue them without suing himself, also, as one of the partnership."

Defendant cannot assert by way of set-off against the plaintiff a claim for which he could not bring an independent action at law. *Litch v. Clinch,* 136 Ill. 410.

All the essential facts are lacking in defendant's notice of set-off. There is no allegation as to the beginning, duration and end of the alleged copartnership and it does not appear that the copartnership was ever settled and a balance struck or that plaintiff ever agreed to pay defendant such balance. Under such circumstances defendant had no claim arising out of the partnership transaction which could legally be set off against plaintiff's claim in this suit.

The judgment was clearly without warrant of law and must be reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

DEVER, P. J., and MATCHETT, J., concur.