### Georgia Resh Billings, Appellant, v. The Mounds Building and Loan Association, Appellee.

594

Opinion filed June 6, 1938.

WILBOURN & GILLESPIE and C. S. MILLER, both of Cairo, for appellant.

JOE CRAIN, of Mound City, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Prior to March 28, 1930, Georgia Resh Billings, plaintiff, was the owner of 25 shares of stock in the Mounds Building and Loan Association, defendant herein. Upon being notified of the maturity of such stock she presented the certificate to the secretary of defendant, who took same up and gave her in lieu thereof an instrument in the following words and figures: "This voucher draws 6% interest from March 1, 1930.

No. 4750.

Office of the Secretary of The Mounds Building and Loan Association of Mounds, Illinois.

"The Treasurer of The Mounds Building & Loan Association, of Mounds, Ill., will pay to the order of

Georgia Resh Billings, $1935.80—Nineteen Hundred Thirty-five—80/100 Dollars. On account of Maturing Cert 497-20 SS 26.

"Dues      $1260.00  
Earnings    675.80  
Total      $1935.80

"_____President  
J. E. Herman        Secretary  
Mounds, Illinois, 5/28, 1930."

Indorsements, seven in number, appear upon the back of said instrument, the first two of which, dated September 13, 1930, and March 2, 1931, recite the payment of six months interest, one in the sum of $58.07 and the other in the sum of $57.07. In addition there are two others, dated June 16, 1931, and March 17, 1932, for $29.04 each, and three of date September 3, 1932, April 14, 1933, and October 14, 1933, each for the sum of $29.03 and signifying the payment of six months interest.

It appears from the testimony that such instrument was received and accepted by plaintiff when she surrendered her stock certificate, and that said indorsements were made by officers of defendant at the time of paying such interest, in the presence of plaintiff or her agent, without objection. It is further shown without contradiction that after the issuance of such voucher defendant sent notice to plaintiff of each stockholders' meeting, and that at the time of bringing this suit there were other outstanding orders of defendant, some prior in time to that of plaintiff, amounting to about $7,300.

The cause was heard by the court without a jury, judgment was rendered in favor of defendant, and plaintiff seeks to reverse same by this appeal.

The one and only question argued is whether or not the relationship of the parties, at the time suit was instituted, was that of general debtor and creditor. Plaintiff contends that the instrument in question is in

effect a promissory note evidencing the existence of a debt in her favor by defendant, and that when she surrendered her stock certificate and took the voucher upon which suit was brought, she thereby became, with the assent of defendant, its creditor, and as such is entitled to be preferred over the holders of matured certificates issued prior to the date of such instrument.

Defendant's position is that plaintiff is merely the holder of a matured certificate, and as such is still a member of the association with the right to participate in its assets on a parity with other holders of matured certificates, as limited by statute.

Section 224, ch. 32, Smith-Hurd's Rev. St. 1929 [Cahill's Ill. St. 1929, ch. 32, ¶ 386], among other things provided that when any shares in a building and loan association should reach the value of $100 each they should be held to be matured; that all payments of dues thereon should cease and the owner be paid their maturity value out of funds of the association in the manner provided for voluntary withdrawals, and that with the consent of the directors there might be issued in lieu of such shares, stock certificates upon which the interest to be paid should not exceed the actual net earnings of the association, payable at such times and in such manner as should be expressed in the certificate.

Section 225 stated the manner of voluntary withdrawals, which was that written applications therefor should be filed with the association in numerical order, and payments thereon made in the order in which same were filed.

Defendant contends that there was no authority for its secretary to issue, of his own volition, a written evidence of obligation which in legal effect was a promissory note. If the instrument was in reality such, and was issued and executed by the secretary, as provided by sec. 223, ch. 32, Smith-Hurd's Rev. St. 1929 [Cahill's Ill. St. 1929, ch. 32, ¶ 385], we think plaintiff was under no obligation to show, in the first instance, that same

was done pursuant to an authorization by the board of directors, but that such was a matter of defense to be alleged and proven by defendant, *St. Louis Loan & Inv. Co. v. Yantis,* 173 Ill. 321. However, as we find the fact to be in the cause, we do not deem the point important.

It will be observed that the voucher on its face recites that it is ''on account of maturing cert 497–20 SS 26.'' Plaintiff's original stock certificate was number 497, for 20 shares, and of series 26, just as evidenced by such written statement. This tends strongly to prove that it was issued as a matured certificate, and not as a promissory note.

The law is established that where parties to a written instrument have by their words or conduct given it a particular interpretation or regarded it as a document of a certain class, the court will accept the construction which they have so placed upon it, *Lehmann v. Revell,* 354 Ill. 262; *Slack v. Knox,* 213 Ill. 190.

By applying the rule we find that no time was fixed by the document for the payment of the amount stated to be due, and while such is not necessary to its validity as an obligation, yet it is the general custom in all written evidences of indebtedness to fix a due date therefor. Plaintiff was regularly sent notices of the stockholders' meetings. If her status was that of a general creditor it is hardly probable that such notice would have been mailed to her, thus showing that defendant did not regard the voucher as evidencing a change of relation to that of debtor and creditor. At seven different times the payment of interest was indorsed upon the document by officers of defendant, in the presence of plaintiff or her agent, each time it being recited that it paid the interest thereon for six months, twice at 6 per cent and five times at 3 per cent, all without protest on the part of plaintiff. Had the instrument been a promissory note it is unlikely that plaintiff would have accepted an arbitrary reduction of

interest without objection. It rather shows that she understood that she was receiving her interest as a part of the earnings of the association after the manner of a matured certificate.

We think the proof in its entirety shows that the voucher sued upon was issued, not as a promissory note, but as a matured certificate, and that the parties did not contemplate that its issuance by the association, in exchange for the stock certificate of plaintiff, created the relation of debtor and creditor.

Decisions have been cited by defendant in instances where the facts have been held to alter the status of the parties upon surrender of a stock certificate, to create a relationship of debtor and creditor. These are clearly distinguishable from the proven circumstances in the instant case, and we do not regard them as being in point.

We think the judgment was right, and it will be affirmed.

*Judgment affirmed.*