Polish American Building and Loan Association, Appellee, v. Joseph Zintak et al., Defendants. Appeal of Joseph Zintak and Julia Zintak, Appellants.

**Gen. No. 40,510.**

Opinion filed October 3, 1939. Rehearing denied October 18, 1939.

EDWARD J. WARREN, of Chicago, for appellants; AR-
THUR C. SCHREIBER, of Chicago, of counsel.

IRENE KUCHINSKAS and JOHN S. RYBICKI, both of
Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opin-
ion of the court.

The defendants appeal from a decree of foreclosure
entered July 14, 1938, whereby $4,852.89 was found to
be due and the sale of the premises ordered. The bill,
which is in the usual form, was filed July 22, 1936.
Plaintiff is a corporation organized under the laws of
Illinois as a building and loan association. The cause
was heard on exceptions to the report of a master,
which were overruled, and a decree entered as recom-
mended by him.

The defense interposed was a claim by way of offset
set up by answer and by counterclaim. This claim was
to the effect that defendant, Joseph Zintak, on October
10, 1934, prior to the filing of the bill, purchased from
Martha Zintak certificate No. 993 for 33½ shares of
Series No. 96, Class ''C'' paid up stock of the plaintiff
association; that this stock had matured and repre-
sented an indebtedness of the plaintiff association to
the holder of the certificate to the amount of $100 a
share, upon compliance by the holder with conditions
set forth upon the certificate; that on October 10, 1934,
prior to the beginning of this suit, defendants offered to
set off the value of this certificate against their indebt-
edness to the association; that on October 18, 1934,
they tendered the certificate to the association and de-
manded that it be transferred to their own names and

the set-off allowed them, offering to pay in cash the balance due, if any, on the mortgage. The plaintiff refused to allow the offset, demanded payment of the mortgage and in default thereof began suit.

Defendants contend they are entitled to maintain this claim of offset as a defense to the action under section 38 of the Civil Practice Act (Smith-Hurd's Anno. Stats., par. 162, p. 205). This section is liberal in its provisions and if, as a matter of fact, defendants have a valid claim for which they can recover in a civil action, we may not doubt that under the provisions of this statute their claim of offset may be properly presented as a defense.

The master found that during September and October, 1934, and at the time of the alleged tender of the certificate, the plaintiff association had adopted a resolution then in effect, providing that as a condition precedent to the withdrawal of any shares of paid up capital stock from the association the owner should list the same for the purpose of receiving payments according to funds provided to be distributed ratably for that purpose; that neither Martha Zintak nor defendant complied with the resolution by listing this stock; that the shares were not in fact tendered to the association, and that there was no binding or valid agreement to apply the proceeds of this certificate on the mortgage indebtedness; that defendants were therefore not entitled to this setoff. The master finds this resolution had been approved by the auditor of public accounts and was in effect during September and October, 1934. This finding is not accurate. As a matter of fact, the resolution was approved by the auditor on October 31, 1934. This is not, however, of controlling importance. At the time of the adoption of the resolution by the board of directors, the law of June 19, 1919 (see Laws of 1919, p. 297, sec. 13), as amended by the act of June 13, 1933, was applicable (Laws of 1933, p. 304, sec. 1; Historical note, Smith-Hurd's Anno. Stats., ch. 32, p.

521; Ill. State Bar Stats. 1935, ch. 32, sec. 13, par. 387 [Jones Ill. Stats. Ann. 14.13]). The law now applicable to such withdrawals is set forth in section 13 of the Building and Loan Association Act as amended. (Ill. Rev. Stat. 1937, ch. 32, par. 225, pp. 841, 842 [Jones Ill. Stats. Ann. 14.13]; Smith-Hurd's Anno. Stats., ch. 32, par. 225, p. 518.) The law at the time of this transaction was that if the by-laws so provided members desiring to withdraw all or any part of their credit on shares might be required to make written application which should be received and filed in numerical order, and payments upon the same made in the order in which same were filed, and that upon withdrawals such members should be entitled to receive the full amount of dues paid in and such interest as was fixed by the by-laws or such proportion of the profits proportioned thereto as the board of directors might from time to time by resolution determine, less such charges enumerated in the act as might be due, provided that the amount of interest or profits paid should not exceed the actual earnings of the shares to be withdrawn; and further, that at no time should more than one-half of the funds in the treasury of the association be applicable to the demand of the withdrawing members, or payment of matured shares, without consent of the board of directors. The law expressly provided: "No such association shall be permitted to carry for any member, any demand, commercial or checking account." This law we assume was a part of the contract of Martha Zintak at the time she became the owner of the stock. It was issued to her as fully paid up, as the certificate under seal of the corporation declares, on the 10th day of October, A. D. 1934. On the back of the certificate appears the printed statement of the conditions upon which it was issued, to which the holder assented by acceptance of the certificate. The third condition was as follows: "Certificates of paid up stock as a general rule may be filed for withdrawal

at any time without notice, but to protect the interest of investors, members and borrowers, and to avoid the sacrifice of securities, notice provided by law is required. Withdrawal notice of members will be filed in the order in which they are received and paid from the regular receipts of the Association in the order filed.'' This condition of the certificate does not appear in defendant's abstract but is presented by an additional abstract filed by plaintiff. Defendants never complied with this condition and positively refused to comply with it. Manifestly, defendants cannot be permitted to set off in a foreclosure proceeding a claim which they have declined to mature by complying with conditions precedent. In *Albrecht v. Dillon,* 224 Ill. App. 421, the court said in substance that a defendant could not assert by way of set off against a plaintiff a claim for which he could not bring an independent action at law. In *Billings v. Mounds Building & Loan Ass'n,* 295 Ill. App. 593, it has been held that a holder of paid up shares in a building and loan association is not a general creditor, and that a voucher issued for her stock cannot be held to create the relationship of creditor and debtor, the holder having continued to receive her dividends as other shareholders.

The law which became a part of the contract under which defendants claimed, the conditions stated on the back of the contract with which defendants have not complied, and the nature of the obligation are such as to preclude the allowance of this offset. As plaintiff points out, such a rule if carried out during the past few years would have bankrupted every building and loan association in the State. For these reasons the decree of foreclosure was justified, the alleged setoff was properly disallowed, and the decree is affirmed.

*Decree affirmed.*

O'CONNOR and McSURELY, JJ., concur.